**People of the State of Illinois, Plaintiff-Appellee, v. Ralph R. Bean (Impleaded), Defendant-Appellant.**

Gen. No. 53,611.

First District, Second Division.

March 10, 1970.

Rehearing denied April 8, 1970.

BURKE, J., dissenting.

Michael Seng, Jenner & Block, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

Defendant was convicted, following a jury trial, of the offense of robbery (Ill Rev Stats (1967), c 38, § 18–1). Judgment was entered on the verdict and he was sentenced to a term of not less than ten nor more than fifteen years in the Illinois State Penitentiary.

In this appeal defendant presents several theories in support of his contention that the trial court erred in denying his motion to suppress identification testimony. We consider only the first theory advanced, that the identification was the product of an unlawful arrest, as we deem it to be determinative of the issue raised.

Defendant presented motions to suppress physical evidence and identification testimony. At the hearing on the motions the following testimony relevant to the issue here presented was heard.

RALPH BEAN

He was arrested in the vicinity of 2200 West Madison Street in the City of Chicago on February 22, 1968, while in the company of one Thomas Kirby. The arresting officers did not show him a warrant for his arrest and he did not commit a criminal offense in the presence of the officers. One of the officers asked him for some identification and when he could produce none the officer proceeded to search his person.

OFFICER JAMES RIZZI

Defendant and his companion were stopped because the companion resembled a man wanted by the police. Officer Baggio Panepinto, witness' partner, confronted defendant's companion and the witness confronted Bean. When Bean could produce no identification he was searched and certain items taken from him, including a medical prescription bearing the name "Willie Shard." Defendant's companion was also found to possess property apparently the property of Willie Shard.

Defendant and his companion were then arrested and taken to the police station where it was learned that the items recovered from them had been taken from Willie Shard in a robbery two days earlier. Mr. Shard was brought to the station where he identified Kirby and the defendant as the robbers.

333

At the close of testimony, defendant's motion to suppress physical evidence taken from him was allowed and the motion to suppress identification denied.

Defendant contends that his identification by Mr. Shard, as one of the perpetrators of the offense charged, was the product of an unlawful detention and thus was not properly admissible in evidence against him, relying on Davis v. Mississippi, 394 US 721, 89 S Ct 1394 (1969) and People v. Albea, 2 Ill2d 317, 118 NE2d 277 (1954).

In Davis, police investigating a rape unlawfully detained the defendant. During the course of his detention he was fingerprinted. The prints taken from him were found to match those recovered at the scene of the offense and the similarity between them was the sole evidence presented at trial linking defendant to the crime. The Supreme Court held that prints so taken should not have been admitted into evidence and reversed the conviction, stating that the ruling of Mapp v. Ohio, 367 US 643, 81 S Ct 1684 (1961), that all evidence attained by searches and seizures in violation of the Constitution is, by that same authority, inadmissible in a State court, applied to investigatory as well as accusatory stages of procedure.

In Albea, arrested along with defendant in the defendant's apartment was the State's principal witness. The trial court held defendant's arrest and the search of his apartment to be in violation of Constitutional mandates and suppressed all physical evidence, including that recovered from the person of the State's witness, as well as testimony relating to what transpired following police entry into the apartment. The Supreme Court reversed the conviction, agreeing with the defendant's contention that all evidence secured by reason of the unlawful search should have been suppressed, including the testimony of a witness discovered as a result of that search.

■ In the present case the State has conceded the invalidity of the search and arrest of defendant, but argues that testimony regarding his identification by the victim was properly admitted as it was obtained independently of the unlawful search and arrest. We cannot agree. The mere passage of time between the search and arrest and the identification cannot, under these circumstances, be deemed to render the identification of independent origin. The exhibition of defendant to the victim was a direct consequence of the admittedly unlawful detention of his person. Indeed, the identification would not otherwise have occurred.

■ We hold the identification of defendant to be a product of the unlawful seizure of his person and consequently all testimony relating thereto improperly admitted into evidence against him. Further, all subsequent identifications of defendant by the victim, including in-court identification, are directly traceable to the unlawful detention of defendant. It follows that no reason exists to remand the cause to the trial court under the doctrine of Wong Sun v. United States, 371 US 471, 83 S Ct 407 (1963). The judgment of the Circuit Court is reversed.

Judgment reversed.

McCORMICK, P. J., concurs.

BURKE, J., dissenting:
On the hearing of the motion to suppress the evidence, Ralph R. Bean testified that on February 22, 1968, he was with Kirby when two policemen stopped and questioned them. Bean gave one of the officers his identification. They did not have a warrant for his arrest. The identification he tendered the police officers was that

335

of Willie Shard. His name is not Willie Shard. A search of the person of Kirby revealed traveler's checks and personal identification in the name of Willie Shard. When Willie Shard arrived at the police station in response to a call from the police, he immediately recognized Kirby and Bean as the men who robbed him. Bean testified that he was with Kirby when they found the traveler's checks in an alley. In the trial Shard again identified the defendants as the men who robbed him.

Willie Shard, the victim, positively identified Bean as a perpetrator of the crime. His identification was independent of the arrest of Bean.

There was no lineup. The opinion in United States v. Wade, 388 US 218, does not hold that a lineup must be held. No lineup was held because Shard upon entering the station house immediately identified Kirby and Bean as the perpetrators of the crime.

The record does not support defendant's position that Shard's identification was induced by the police and sustains the People's assertion that Shard made his identification without any prompting or suggestion by a policeman. It would have been an inept gesture on behalf of the police to hold a lineup after the victim of the robbery, immediately upon entering the station house, identified the two defendants as the perpetrators. The record is devoid of any evidence that anyone prompted, suggested, intimated or forced the identification by the victim of these defendants. The jurors had before them the positive identification by Shard and the traveler's checks and personal identification card, of Shard, which furnished strong corroboration of his identification. The jury was given all the pertinent facts surrounding the identification. I am convinced that the defendant was proved guilty beyond a reasonable doubt. The judgment should be affirmed.