The People of the State of Illinois, Plaintiff-Appellee, *v.* Marcellus E. Thomas, Defendant-Appellant.

(No. 57103; ▮▮▮▮▮▮▮)

First District (2nd Division)—January 30, 1973.

*Rehearing denied March 6, 1973.*

James J. Doherty, Public Defender, of Chicago, (Ian Levin, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane and Peter F. Costa, Assistant State's Attorneys, of counsel,) for the People.

PER CURIAM:

Defendant, Marcellus E. Thomas, was found guilty at a bench trial of the crime of robbery, in violation of section 18—1 of the Criminal Code, and was sentenced to a term of three years to six years in the penitentiary. (Ill. Rev. Stat. 1971, ch. 38, par. 18—1.) He appeals, contending that his arrest was unlawful, thereby tainting the subsequent on-the-scene and in-court identifications of him.

The record reveals that a young woman was accosted on the tenth floor of the building located at 30 North Michigan Avenue in Chicago at about 2:00 P.M. on December 8, 1970, and that several dollars were taken from her purse. The assailant, a male Negro shabbily dressed in dirty, brown, baggy clothes, fled down a stairway.

At the hearing on defendant's pre-trial motion to quash the arrest and

suppress the on-the-scene identification, two of the three arresting officers testified in substance that they received a radio message of a "woman screaming for help" on the tenth floor of the building in question and that they arrived at the lobby of the building about a minute later. The officers were in uniform. The officers testified that they observed the defendant run past them from the vicinity of a stairway, panting and sweating, and that they stopped him as he reached the outer door to the building. No one else in the lobby was running, and everyone else was well dressed. Two of the officers stayed with the defendant while the other one proceeded to the tenth floor where he received a description of the assailant, which matched that of the defendant. Defendant was then brought into the presence of the victim and was positively identified by her as the assailant. Defendant was also identified at trial as the assailant.

Defendant told the officers at the time he was stopped in the lobby that he worked for the Chicago Tribune, and that he was in the building to use the washroom; the officers further stated that defendant was violating no laws at the time they stopped him. One of the officers stated that defendant was "moving awful fast for the time of the year, it was cold outside and he had beads of perspiration on his forehead."

Section 107—14 of the Criminal Code provides in part that a peace officer may stop a person in a public place for a reasonable period of time when the officer reasonably infers from the circumstances that the person has committed a crime; he may demand the person's name, his address, and an explanation of his actions. Ill. Rev. Stat. 1971, ch. 38, par. 107—14.

■■ Paraphrasing the language contained in the case of *People v. Howlett*, 1 Ill.App.3d 906, 274 N.E.2d 885, recently decided by this court, the threshold inquiry by police of a citizen does not require the existence of probable cause, but rather the "appropriate circumstances" under which the officer may investigate possible criminal behavior. (Citing *Terry v. Ohio*, 392 U.S. 1.) See also *People v. Lee*, 48 Ill.2d 272, 269 N.E.2d 488.

■■ The foregoing summary of the evidence adduced at the hearing on the motion to quash and suppress reveals that the officers were faced with the "appropriate circumstances" under which they reasonably could detain the defendant until the matter could be more fully investigated. Contrary to defendant's contention, he was not placed under arrest at that time, but only detained for questioning; probable cause did thereafter exist for his arrest when the officers received the description of the assailant which matched that of the defendant. The actions of the officers under these circumstances were reasonable and within the scope of the statute and the *Terry* case.

The cases cited by defendant either involve general principles of law prevailing in this area, or are otherwise distinguishable on their face from the case at bar. See *e.g., Orozco v. Texas,* 394 U.S. 324; *Henry v. United States,* 361 U.S. 98; *Wong Sun v. United States,* 371 U.S. 471; *Davis v. Mississippi,* 394 U.S. 721. See also *People v. Mirbelle,* 276 Ill.App. 533; *People v. Pruitt,* 79 Ill.App.2d 209, 223 N.E.2d 537; *People v. Bean,* 121 Ill.App.2d 332, 257 N.E.2d 562.

For these reasons the judgment is affirmed.

Judgment affirmed.