The City of Champaign, Plaintiff-Appellee, *v.* Roy Allan Williams, Defendant-Appellant.

(No. 12018; )

Fourth District—August 1, 1973.

Frank J. Kopecky, of Springfield, (Dennis J. Jacobsen, Senior Law Student, of counsel,) for appellant.

Albert Tuxhorn, City Attorney, of Champaign, and James W. Evans, Assistant City Attorney, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The defendant appeals from his conviction for violating a Champaign City Ordinance (sec. 22.207 of the Champaign City Code 1964) entitled "Disturbing Assemblages".

The conduct of the defendant which lead to his arrest and conviction on the charge arose out of his uninvited attendance at a meeting on December 3, 1971, of the Board of Education of Community Unit School District No. 4 of Champaign County and a substantial number of the faculty and staff of Centennial High School. Since there is no controversy as to the facts of the case, a very brief résumé of the occurrence will suffice.

Due to some disciplinary difficulties at Centennial High School and the failure of the school board to take as firm a stand as some of the teachers felt was warranted, the teachers or administrators of the high school requested a meeting with the board of education to discuss the disciplinary problems and faculty discontent.

The entire board of education appeared at a meeting at the close of school on the day in question, as did the majority of the teaching and administrative personnel. The meeting was held in the Centennial High School cafeteria and was not a regularly scheduled school board meeting as to time, place, or the giving of notice.

Several other persons appeared but all except defendant complied with a request to leave. It appears that the defendant was asked to leave by the city community relations director (who himself left upon request), several teachers and board members individually; and upon the defendant's request, the school board voted 7 to 0 to exclude the defendant. The school board attorney advised the defendant that under the Illinois "open meeting law", the meeting could be closed to the public, but the defendant adamantly refused to leave. Although he did not interrupt the meeting by his entry nor did he make any verbal or physical disruption, the meeting was delayed for approximately one hour until the defendant was arrested by the Champaign city police and charged with disturbing a lawful assemblage.

On May 3, 1972, the defendant was tried, found guilty, and fined $20 plus costs.

The trial court, after finding that the defendant had created no disturbance under the undisputed facts, found that the meeting was a lawful assemblage within the meaning of the Champaign City Ordinance, and that even if the meeting was of the kind subject to the state statute on "Meetings of Public Agencies", that statute does not declare a meeting not held in compliance with it to be unlawful. The court further found that the meeting was held at the request of employees— both teachers and administrators—with the employer-school board to discuss grievances, so was a teachers' meeting and not a school board meeting. However, the court found that there was no collective bargaining such as to exempt the meeting from the "open meeting law", nor did it come under any of the other specified exemptions of the law, but rather, the meeting was not covered by the statute since it was not held as a school board meeting, its purpose not being to deliberate nor to take board action, and the meeting was not unlawful within the meaning of either the City Ordinance or the state "open meeting" statute, so was lawful.

The ordinance involved provides: "[I]t shall be unlawful for any person to disturb any lawful assemblage or gathering in the City." The defendant's contention is that the gathering in the high school cafeteria was a school board meeting, subject to the Illinois statute on "Meetings of Public Agencies" (Ill. Rev. Stat., ch. 102, pars. 41-44), and that by excluding the defendant, the meeting was rendered unlawful, so that

defendant could not be convicted under the ordinance which only prohibits disturbing *lawful* assemblages. The parties frame the issue on appeal almost entirely around the status of the meeting, arguing whether or not the school board was "conducting business", or "taking action", or "deliberating", as is required to be done openly by paragraph 41 of the statute, and whether or not the gathering was a meeting as defined in paragraph 42, and if so, whether or not the subject matter of the meeting entitled it to an exception to the "open meeting law".

We feel that this issue is not determinative in light of the particular ordinance involved and the findings of the trial court.

■■ The evidence to the effect that the meeting was initiated by the teachers or school administrators, with the school board members attending as a matter of courtesy to explain their policy on expulsion of students, clearly supports the trial court's finding that the gathering was not a regular school board meeting. That finding alone would not necessarily exempt the gathering from the confines of paragraphs 41 and 42 of chapter 102, but it is unnecessary to delve deeper into the precise status of the meeting as to what actions could be taken or matters discussed. The Champaign Ordinance is not concerned with whether particular actions taken at a meeting would be lawful or not. Regardless of whether or not the gathering at the school would constitute a legal meeting so that the school board could legitimately hire and fire employees or buy and sell property, the *assemblage* of the teachers and board members was lawful. Neither the propriety of the meeting nor the conduct of the defendant was tried under chapter 102, paragraph 41, *et seq.* in this case. The issue before the trial court was whether or not defendant was guilty of disturbing a lawful assemblage.

The court found no "disturbance"—apparently meaning in a physical or verbal sense—but yet found the defendant guilty of disturbing an assemblage. The silent, passive presence of the defendant which resulted in the participants of the meeting delaying their discussion could be the only basis of that finding of guilty. Since the ordinance does not define "disturb" it must be construed as in its ordinary usage.

In *State v. Davis*, 21 Ohio App.2d 261, 257 N.E.2d 79, the court turned to Webster's Unabridged Dictionary for the definition of "disturb" saying that the definition and meaning was of common understanding. The term "disturb" as used in the New York Statute prohibiting the wilful disturbance of any assembly or meeting, means to throw into disorder; to move from a state of rest or regular order; to interrupt; to throw out of course or order. (*People v. Malone*, 141 N.Y.S. 149, 156 App. Div. 10.) Other cases state that some noise, indecent behavior, or other act is required (*Nix v. State*, 27 Ala.App. 388, 173 So. 98), and the disturbance

or interruption of the meeting must be great enough to have such effect without voluntary cooperation on the part of those present. *Fowler v. State*, 93 Ga.App. 883, 93 S.E.2d 183.

■■ Without reaching the constitutionality of the Champaign City Ordinance, the United States Supreme Court cases, *Cox v. Louisiana*, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471, and *Terminiello v. Chicago*, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131, should be noted for the proposition that mere noise or presence or the fact that the defendant's activity bothers or agitates someone else is not sufficient to constitute disturbing the peace or breaching the peace.

■■ *City of Chicago v. Meyer*, 44 Ill.2d 1, 253 N.E.2d 400, involved a conviction for disorderly conduct, which provides that doing any *act* in such an unreasonable manner as to alarm or disturb another will constitute the offense, but held that mere eccentric or unconventional conduct, no matter how irritable to others, is not enough. (Ill. Rev. Stat., ch. 38, par. 26—1.) In referring to the section on alarming or disturbing another, it has been held that a spectator's activity (jumping to his feet and shouting) which prevents orderly continuation of a public hearing falls within the prohibition of the statute. *U.S. v. Woodard* (7th Cir.) 376 F.2d 136.

■■ *Gregory v. Chicago*, 394 U.S. 111, 89 S.Ct. 946, 22 L.Ed.2d 134, involved a city ordinance on disorderly conduct. The defendants were peaceful and orderly—it was the onlookers who became unruly. The Supreme Court said "There is no evidence in this record that petitioners' conduct was disorderly. Therefore, under the principle first established in *Thompson v. City of Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654, 80 A.L.R.2d 1355 (1960), convictions so totally devoid of evidentiary support violate due process." Other language of that case may have some bearing on defendant Williams' conviction for disturbing a meeting after a finding that there was no disturbance. There, the Illinois Supreme Court had suggested that the petitioners were convicted not for the manner in which they conducted their march, but rather for their refusal to disperse when requested to do so by the police. However, they were only charged with disorderly conduct in holding a demonstration, and not with refusal to obey a police officer. The United States Supreme Court held that: " '[I]t is as much a denial of due process to send an accused to prison following conviction for a charge that was never made as it is to convict him upon a charge for which there is no evidence to support that conviction.' [citation.]"

■■ In *Chicago v. Perez*, 45 Ill.2d 258, 259 N.E.2d 4, defendants were convicted under the City "Disorderly Conduct" ordinance where they had congregated in the building in which the welfare offices were lo-

cated and refused to leave even after closing hours. The conviction was reversed because there was no evidence that defendants made any improper noise, riot, disturbance, or breach of the peace, as were elements of the ordinance. The Illinois Supreme Court said that while the defendants' conduct in remaining in the building after it closed and they had been asked to leave might constitute criminal trespass or some other offense, it did not amount to disorderly conduct. Likewise, in the instant case, defendant's conduct may have been in some way wrongful, but did not constitute disturbing an assemblage.

■■ Therefore, regardless of the status of the meeting under the so-called "open meeting" statute, it clearly was a lawful assemblage or gathering under the Champaign City ordinance. The trial court found that "[A]t no time did the defendant cause a disturbance while in the cafeteria * * *" and yet convicted him on the charge of disturbing a lawful assemblage because the persons meeting chose not to continue simply because of the presence of the defendant. It need not be decided whether or not the Illinois "open meeting" statute gave defendant the right to be at the meeting to determine that his conviction for disturbing a lawful assemblage was improper in the face of the court's finding no disturbance as that term is normally used. Therefore, defendant's conviction must be reversed.

Conviction reversed.

CRAVEN, P. J., and TRAPP, J., concur.