THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
ROBERT F. HINTON, Defendant-Appellee.

First District (1st Division)   No. 76-7

Opinion filed January 31, 1977.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Joan S. Cherry, Assistant State's Attorneys, of counsel), for the People.

Barnett, Ettinger, Berkson & Braverman, of Chicago ( Michael D. Ettinger and Marc M. Barnett, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Robert F. Hinton (defendant) was arrested for disorderly conduct on November 14, 1973. At the police station he was identified in a lineup held

that day and was subsequently indicted for rape. The trial court sustained defendant's motion to suppress the in-court identification by the rape victim who had identified him in the lineup. The basis of the ruling was that the identification was the fruit of an illegal arrest. The State has appealed.

In this court, the State urges that the trial court improperly granted defendant's motion to suppress the identification. Defendant contends that the motion was properly granted because the defendant was arrested without probable cause.

On November 14, 1973, at about 6 p.m., Investigator Kenneth Harris of the Cook County sheriff's police received a telephone call from a person named Guy Johanson. The caller asked for the officer who was handling the investigation of a rape which had occurred several weeks earlier in the area where the caller lived. This was the Shorewood Village apartment complex in the vicinity of Holly Lane and Linda Lane located in an unincorporated area of Cook County. Johanson told the officer that someone was peering into the windows of the apartments in the complex. The investigator responded by driving to the area in an unmarked car. A marked police vehicle accompanied him. He also testified that it was dark and raining. When Investigator Harris first observed the defendant, he noted the similarity between defendant and a composite sketch of the rape suspect. When he arrested defendant, the latter was lying in a grassy area next to the street near 9967 Linda Lane, some 50 yards or less from the apartment complex in question, on a level with the second floor of the building.

Guy Johanson, an officer of the Cook County Department of Animal Control, testified that he lived at 9967 Linda Lane in the Shorewood Village complex. On the evening of November 14, 1973, he was in his apartment. It was raining moderately and it was dark outside. He then had a telephone conversation with Investigator Harris about someone peering into the windows. He testified that telephone call occurred at about 6:55 p.m. Johanson was about 10 feet away from defendant when the arrest occurred.

The State made an offer of proof regarding further testimony by Johanson. The offer of proof was that Johanson would testify that he had observed defendant peering into windows in the apartment complex. He called the sheriff's police and Officer Harris and another officer arrived about 10 minutes later. The officers were unable to locate defendant. Johanson, armed with a firearm and carrying a flashlight, scaled the fence and went to the exact location where defendant was hiding in the weeds.

It is undisputed that Investigator Harris had no warrant for arrest of the defendant. After the arrest, Johanson went to the police station and signed a complaint charging defendant with disorderly conduct.

■■ The single decisive issue is whether the arresting officer had probable cause for the initial warrantless arrest of defendant. A lawful arrest may be made without an arrest warrant if the officer making the arrest had "reasonable grounds to believe that the person is committing or has committed an offense." (Ill. Rev. Stat. 1975, ch. 38, par. 107—2(c).) "Reasonable grounds" and "probable cause" are legally synonymous phrases. (*People v. Wright* (1974), 56 Ill. 2d 523, 528-9, 309 N.E.2d 537.) As applied by Illinois courts, the test is whether "the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a man of reasonable caution in believing that an offense has been committed and that the person arrested has committed the offense." *People v. Robinson* (1976), 62 Ill. 2d 273, 276, 342 N.E.2d 356.

■■ This standard requires less evidence than would be necessary for conviction of the crime and the determination that probable cause exists may be based on hearsay. (*People v. Macias* (1968), 39 Ill. 2d 208, 213, 234 N.E.2d 783, *cert. denied*, 393 U.S. 1066, 21 L. Ed. 2d 709, 89 S. Ct. 721.) The existence of probable cause "depends upon the totality of the facts and circumstances known to the officers when the arrest was made" and in solving these problems courts necessarily "are not disposed to be unduly technical" as they are dealing with "factual and practical considerations of everyday life on which reasonable men, not legal technicians, act." *People v. Clay* (1973), 55 Ill. 2d 501, 504-05, 304 N.E.2d 280.

In the case before us, Investigator Harris had ample basis for a reasonable belief that defendant had committed the crime of disorderly conduct. The pertinent statute defines this crime (Ill. Rev. Stat. 1975, ch. 38, par. 26—1):

"A person commits disorderly conduct when he knowingly:

(1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace; * * *."

Officer Harris was aware that defendant had been lying in the weeds. According to his testimony and that of Mr. Johanson, the defendant was in the weeds when Harris first saw him. Furthermore, it is reasonable to suppose that residents of the apartments in question would have been alarmed or disturbed by defendant's activity. This is especially true in view of the recent rape. Mr. Johanson's telephone call to the police, and his stated wish to speak to the officer investigating the rape, corroborated this and clearly indicated to Officer Harris that defendant's peering into the windows on this dark and rainy night had in fact disturbed and alarmed residents of the buildings. These circumstances at the time of defendant's arrest support the conclusion that the arresting officer reasonably believed that defendant's activity might very well have provoked a breach of the peace. That is the decisive factor here; quite

aside from the resemblance between defendant and the sketch of the alleged rapist.

The cases cited by defendant to support the contention that defendant's mere presence in the area which disturbed or agitated Johanson was not sufficient to constitute a breach of the peace are inapposite here. For example, *Terminiello v. City of Chicago* (1949), 337 U.S. 1, 93 L. Ed. 1131, 69 S. Ct. 894, is readily distinguishable. It involved a charge of disorderly conduct under a city ordinance which contained language different from the statute in question herein. Furthermore, the issue there involved was whether the ordinance infringed the defendant's rights under the first amendment of the United States Constitution, a question not raised by the parties to the within action. Similarly, *City of Champaign v. Williams* (1973), 13 Ill. App. 3d 418, 300 N.E.2d 27, is inapposite. It involved a conviction under a local ordinance which prohibited individuals from disturbing "any lawful assemblage or gathering." (13 Ill. App. 3d 418, 420.) In *People v. Bean* (1970), 121 Ill. App. 2d 332, 257 N.E.2d 562, as the majority opinion points out, the State conceded the invalidity of the original stop, arrest and the search of defendant. (121 Ill. App. 2d 332, 335.) In the case before us, as above demonstrated, there was clear probable cause for the original arrest of defendant.

In addition, defendant was not "merely present" at the time of his arrest as he urges here. According to the testimony he was peering into the windows of the apartment complex. This fact, coupled with the recent rape and its effect on local residents and with the arresting officer's knowledge that Johanson possessed a firearm, was sufficient to support a reasonable belief in the mind of the arresting officer that defendant's activity was likely to provoke a breach of the peace.

■■ On the basis of the above facts, we cannot conclude that defendant was initially arrested for rape, as he claims in his brief, or that the arrest was a mere pretext to engage in an unlawful search of his person. On the contrary, the facts in this case clearly indicate that the arresting officer had reasonable basis to believe that defendant was guilty of the crime of disorderly conduct and was therefore justified in arresting him without a warrant. Because defendant's arrest was valid, it follows necessarily that any identifications which stemmed from the arrest may properly be admitted into evidence against the defendant.

The order appealed from is reversed and the cause is remanded to the circuit court for further proceedings in conformity with this opinion.

Order reversed; cause remanded.

SIMON and O'CONNOR, JJ., concur.