(No. 48192.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. HOWARD L. ALLENDER, Appellee.

*Opinion filed November 30, 1977.*

William J. Scott, Attorney General, of Springfield, and Robert E. Murphy and C. Glennon Rau, State's Attorneys, of Waterloo (James B. Zagel, Jayne A. Carr and Donald Hubert, Assistant Attorneys General, and Edward N. Morris, Martin P. Moltz, and Phyllis J. Perko, of Illinois State's Attorneys Association Statewide Appellate Assistance Service, of Elgin, of counsel), for the People.

Michael J. Rosborough, Deputy Defender, and Daniel M. Kirwan, Assistant Defender, of the Office of the State Appellate Defender, of Mount Vernon, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a jury trial in the circuit court of Monroe County, defendant, Howard L. Allender, was convicted of attempted burglary and sentenced to the penitentiary for not less than three nor more than seven years. The appellate court reversed (33 Ill. App. 3d 843), and we allowed the People's petition for leave to appeal. In reversing the judgment the appellate court held that the photographic identification procedure used by an Illinois State Trooper "was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification and that there was an insufficient basis for the in-court identification." 33 Ill. App. 3d 843, 849.

The facts are adequately stated in the appellate court opinion and will be repeated here only to the extent necessary to discuss the issues. At approximately midnight on the date of the occurrence, State Trooper Brueggemann

drove to the premises of the Columbia Equipment Company. He saw that a window on the east side of the building was open and broken. He looked through a window on the south side of the building, saw two men attempting to enter the open window, and reported a burglary in progress. He pursued the two men, but they disappeared from view. He heard the sound of a truck engine being started, and he and the chief of the Columbia Police Department, who had arrived on the scene, stopped the truck and arrested the driver. Printed in gold letters on the side of the truck was "H. L. Allender, St. Louis, Missouri." Brueggemann and the Columbia police continued to canvass the area without success, and at approximately 9 a.m. Brueggemann inquired of the police department in St. Louis County, Missouri, whether it had any photographs of H. L. Allender. At approximately 10 a.m. Officer Brueggemann received a photograph which he testified depicted the defendant. He made an in-court identification of defendant as the man whom he had seen and pursued on the night of the attempted burglary.

The People contend that because immediate action was necessary to prevent escape of the fleeing suspect the viewing of the one photograph by Officer Brueggemann was not a violation of due process and, assuming that the procedure was improper, the evidence of the witness' special training and experience, and his excellent opportunity to view the crime and the flight, established an independent basis for the identification. It is defendant's position that the appellate court correctly held that Brueggemann's in-court identification was the result of an unreliable and impermissibly suggestive viewing of a single photograph and that there was no viewing of the defendant sufficient to support an independent basis for identification.

Unlike *Neil v. Biggers,* 409 U.S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375, to which the appellate court opinion

refers, and *Manson v. Brathwaite,* 432 U.S. 98, 53 L. Ed. 2d 140, 97 S. Ct. 2243, cited in oral argument, this record contains no testimony of an out-of-court identification. Officer Brueggemann testified that he requested a photograph from the St. Louis County Police Department and that the individual depicted in the photograph was the defendant, whom he had identified in an in-court identification. This case is therefore governed by the rule of *Simmons v. United States,* 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967, in which the Supreme Court said: "[W]e hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." (390 U.S. 377, 384, 19 L. Ed. 2d 1247, 1253, 88 S. Ct. 967, 971.) The question presented, simply stated, is whether upon discovering a truck which bore the name of defendant and having apprehended the occupant, and having failed to take into custody another individual who fled the scene, the requesting and obtaining of the photograph of the owner of the vehicle was so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Defendant argues that the appropriate procedure was to obtain from the St. Louis County Police Department a number of its photographs and from those photographs attempt to make the identification of the individual whom he claimed to have seen. The People argue that the procedure followed was permissible "for the reason that it serves the public policy of quick apprehension of fleeing out-of-state suspects and because there is minimal possibility of misidentification by an Illinois State Police officer with 22 years of experience." We find neither argument persuasive. Considering first the People's

argument, the testimony was uncontroverted that approximately 10 hours elapsed between the time when the witness saw the alleged burglar and the time when the picture was examined. The additional minutes required to assemble a group of photographs would not have impeded either the investigation of the crime or the apprehension of the culprit. Nor are we persuaded that a police officer, under the circumstances shown by this record, is required to submit himself to the same type of viewing procedure as would be required of another witness attempting to make an identification.

As stated in *Simmons,* "each case must be considered on its own facts" (390 U.S. 377, 390, 19 L. Ed. 2d 1247, 1253, 88 S. Ct. 967, 974), and on these facts we find nothing impermissibly suggestive in the procedure followed by Officer Brueggemann. Had there been an Illinois, rather than a Missouri, address painted on the truck, it would scarcely be argued that his going to the address and asking to see the individual named would be impermissibly suggestive, nor would it be impermissibly suggestive had he, in company with a St. Louis County police officer, gone to defendant's place of residence and thus identified him rather than requesting and examining a photograph. We hold that on these facts the procedure followed was not so impermissibly suggestive as to give rise to substantial likelihood of irreparable misidentification.

Assuming, *arguendo,* some infirmity in the investigative procedure, the record shows ample basis for a positive in-court identification independent of the photographic identification. Officer Brueggemann testified that the fluorescent lights inside the building were on and the exterior of the building and the lot around it were illuminated by a dusk-to-dawn light mounted on a pole. Neither the dirt nor the protective bars on the south window blocked his view of the two men. He testified that after he had watched the two men for 15 or 20 seconds

they noticed him and looked directly at him. He pursued defendant and at one point during the chase, when he turned and faced him, he had a good view of his face. Defendant's contentions concerning the obstructions to Brueggemann's view of the men because visibility was impaired by the condition of the windows or the security bars are relevant to the weight of his testimony, but do not serve to render insufficient the independent basis for the in-court indentification.

For the reasons stated, the judgment of the appellate court is reversed and the cause remanded to the appellate court for consideration of the remaining issues raised in defendant's appeal.

*Reversed and remanded.*