THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICHARD CLEARLEE, Defendant-Appellant.

First District (1st Division)    No. 80-1286

Opinion filed October 13, 1981.

James J. Doherty, Public Defender, of Chicago (Ina S. Marks and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Stein, Iris E. Sholder, and Michael Kreloff, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

After a jury trial, defendant Richard Clearlee was found guilty of a Class 3 felony, unlawful use of weapons, and was sentenced to 8 years in the Illinois Department of Corrections. Defendant appeals.

On appeal, defendant argues that (1) he was not proved guilty beyond a reasonable doubt; (2) his right to a fair and impartial jury was violated; (3) the prosecutor's closing argument was prejudicial; (4) evidence was improperly sent to the jury; (5) he should have been permitted to enter a guilty plea; and (6) his sentence was improper.

We affirm.

At trial, Officers McNeel, Michael Cozzi, and John Laskey testified that on the morning of September 16, 1979, they were conducting a routine surveillance of an area in which several robberies had occurred. They wore plain clothes and travelled in an unmarked police car. The officers drove past defendant and noted that he matched the description of a robbery suspect. The officers exited their car and walked toward defendant who, upon seeing the officers approach, ran into a building.

Defendant was found hiding in a corner of a vestibule. When he recognized the approaching men as police officers, he held his jacket open and offered to be searched. Officer Cozzi then saw the butt of a gun protruding from the inside left pocket of the jacket. The gun was seized. Defendant was searched, and two .32-caliber bullets were recovered from the right jacket pocket.

Stipulated evidence of defendant's two prior robbery convictions was admitted into evidence. This evidence was necessary to prove the felony of unauthorized use of weapons. Judgments on these convictions were entered on September 1, 1977, and defendant was sentenced to concurrent terms of 2 to 6 years. Defendant was released from the penitentiary on December 16, 1977.

Defendant denied possessing a gun at the time in question. He testified that the officers were searching for a drug dealer in the building. They asked defendant if he knew where the drug dealer lived. Defendant replied he did not know the person for whom police were searching. Defendant was taken to the police station. When he failed to provide

information regarding a drug investigation, the arresting officers showed him a gun and stated that it was his "key back to the penitentiary."

The State offered as impeachment defendant's four prior robbery convictions. These convictions were distinct from the two convictions stipulated to in the State's case-in-chief which were offered to prove the felony charge.

First, defendant argues that the evidence did not establish his guilt beyond a reasonable doubt. He contends that his conduct as attested to by the police officers was inherently unbelievable and his conviction must therefore be reversed.

■■ Basically, defendant has challenged the credibility of the State's witnesses and the jury's assessment of their credibility. However, credibility is a jury question, and we will not reverse the jury's determination unless the evidence is so unsatisfactory as to raise a reasonable doubt of guilt. (*People v. Beasley* (1977), 54 Ill. App. 3d 109, 369 N.E.2d 260.) In this case, there was sufficient evidence which if believed by the jury proved defendant's guilt. We do not believe that the officers' testimony was inherently unbelievable and therefore we will not disturb the jury's determination. The mere fact that the testimony of the accused contradicted that of the officers' does not raise a reasonable doubt of guilt. *People v. Vassar* (1978), 62 Ill. App. 3d 523, 379 N.E.2d 94.

■■ Second, defendant contends that he was denied his right to a fair and impartial jury where the State exercised nine of its 10 peremptory challenges to exclude black jurors. However, no transcript of the *voir dire* is included in the record. Such a record showing the circumstances surrounding the exercise of the challenges is necessary, for without it we cannot decide whether the challenges were exercised solely because prospective jurors were black. (*People v. Bracey* (1981), 93 Ill. App. 3d 864, 417 N.E.2d 1029, citing *People v. Fleming* (1980), 91 Ill. App. 3d 99, 413 N.E.2d 1330.) In *Bracey*, the court under similar circumstances held that a defendant's burden of proving a *prima facie* case of discrimination could not be met through the use of numbers alone. We agree with this holding and the court's observation that the peremptory challenge system would suffer severely if defendant, after meeting so minimal a burden, could require the State to explain its reasons for striking jurors.

■■ Third, defendant argues that the prosecutor's closing argument contained improper and prejudicial comments. Defendant objects to the prosecutor's statement during rebuttal that defendant was attempting "to con the jury." We find that the comment was an appropriate response to defendant's closing argument. The defense theory was that the officers lied, and during closing argument, defense counsel asked the jury to decide "who is telling the truth and who is lying." The prosecutor properly rebutted defendant's theory and accusations in his argument.

■■ Defendant also contends that the prosecutor improperly placed the reputation of his office behind his case by stating to the jury that he did not need business and would not try to manufacture a case. We interpret this remark as a denial that the prosecutor would be a party to a wholly fabricated case. As such, it was an invited response to defendant's argument that the State's witnesses lied and was proper under the circumstances of this case. *People v. Griggs* (1977), 51 Ill. App. 3d 224, 366 N.E.2d 581.

Fourth, defendant argues that the trial court erred in granting the jury's request for the police inventory slip. Relying on *People v. Carr* (1977), 53 Ill. App. 3d 492, 368 N.E.2d 128, defendant contends that it was improper for the jury to examine the inventory slip during deliberations because it unduly emphasized the State's evidence.

In *Carr*, the court found that the jury should not have been allowed to review, during deliberations, written statements of the State's three principal witnesses. It reasoned that to the extent the statements were consistent with trial testimony, they reemphasized and bolstered the testimony. Regarding portions of the written statements inconsistent with trial testimony, the court noted that the jury was not instructed as to the proper use of the statements. The court further questioned whether the writings were admissible for any purpose.

This case is not similar to *Carr*. An inventory slip does not bolster the testimony of a witness as does a written statement, since a written statement generally contains a wide variety of consistent and inconsistent testimony. Furthermore, the inventory slip was properly admitted into evidence and defendant does not question its admissibility.

■■ Generally, the decision of whether exhibits should be taken to the jury room rests within the trial court's discretion. (*People v. Castillo* (1976), 40 Ill. App. 3d 413, 352 N.E.2d 340; *People v. Diggs* (1967), 81 Ill. App. 2d 361, 225 N.E.2d 665.) This discretion was not abused here.

■■ Fifth, defendant contends his guilty plea should have been accepted. The record indicates that during the course of admonishments, defendant stated he was innocent. The trial court's refusal to accept a guilty plea was therefore proper. (*People v. Morgan* (1974), 59 Ill. 2d 276, 319 N.E.2d 764.) Furthermore, defendant indicated that he was not ready for trial, that witnesses who were present at the time of his arrest had not been contacted, that he never discussed going to trial with his attorney, and that he therefore wished to plead guilty. A guilty plea may be rejected in an exercise of judicial discretion. (*Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495.) In view of the circumstances of this case, we find no abuse of discretion.

Finally, defendant argues that his sentence was improper because the same prior convictions used to enhance the unlawful use of weapons

20

charge from a misdemeanor to a felony were also used to impose an extended term sentence. Defendant has cited *Busic v. United States* (1980), 446 U.S. 398, 64 L. Ed. 2d 381, 100 S. Ct. 1747, *Simpson v. United States* (1978), 435 U.S. 6, 55 L. Ed. 2d 70, 98 S. Ct. 909, and *People v. Jones* (1980), 89 Ill. App. 3d 1030, 412 N.E.2d 683, as authority for his contention.

*Busic, Simpson* and *Jones* hold that where more than one offense is carved from the same physical acts, multiple convictions and sentences thereon cannot stand. Here, defendant was charged with, convicted of, and sentenced for only one offense. Therefore, the cases cited by defendant are inapplicable.

■■ We find that the trial court did not err in sentencing defendant. In *People v. Robinson* (1980), 89 Ill. App. 3d 211, 411 N.E.2d 589, defendant's use of force was used as proof of robbery and home invasion charges and was also considered by the court in sentencing. The appellate court approved of the procedure. Similarly, in imposing an extended term sentence, the trial court in this case properly considered the convictions used to prove the enhanced charge. We further note that evidence of four other robbery convictions was introduced during the sentencing hearing. Thus, even if it was improper to consider the two convictions used to enhance the charge, an extended term was nonetheless justified.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

CAMPBELL, P. J., and GOLDBERG, J., concur.