THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
FLETCHER SPEARMAN, Defendant-Appellant.

Third District No. 82—46

Opinion filed July 30, 1982.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

An indictment filed in the circuit court of Kankakee County charged the defendant, Fletcher Spearman, with the offense of retail theft. He stood accused of taking three steaks, worth $14.13, from a Kankakee food store. Ordinarily, such conduct would have constituted a Class A misdemeanor (Ill. Rev. Stat. 1979, ch. 38, par. 16A—10(1)), but because the defendant was convicted of misdemeanor retail theft in November, 1980, the offense became a Class 4 felony (Ill. Rev. Stat. 1979, ch. 38, par. 16A—10(2)). The defendant originally pleaded not guilty, but he later withdrew that plea and pleaded guilty, which the circuit court accepted after admonishing the defendant according to Supreme Court Rule 402 (85 Ill. 2d R. 402). At the sentencing

hearing the court imposed a term of five years' imprisonment under the extended term provision, section 5—5—3.2(b)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1)). In imposing extended term sentencing, the court referred to the defendant's history of felony convictions: a November 1975 burglary conviction; a June 1977 attempted burglary conviction; and a December 1978 burglary conviction. The defendant appeals from the sentencing order and renews his objection first raised in his motion to withdraw his guilty plea that the court was without authority to order extended term sentencing for conduct which was not a felony but for the enhancement caused by a prior conviction. We agree with the defendant and, accordingly, vacate the sentencing order.

According to section 5—5—3.2(b)(1), extended term sentencing may be imposed "(w)hen a defendant is convicted of *any felony*, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1).) The defendant argues that the language "any felony" must be narrowly construed to include only that conduct which is in its unenhanced state classified as a felony, thus excluding misdemeanor offenses that are somehow enhanced to a felony status. To justify this interpretation, the defendant offers the maxim of statutory construction that all doubts concerning penal statutes are to be resolved on the side of lenity and in favor of the accused. (*People v. Robinson* (1982), 89 Ill. 2d 469, 433 N.E.2d 674; *People v. Hobbs* (1981), 86 Ill. 2d 242, 427 N.E.2d 558; *People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627.) According to the defendant's thesis then, the circuit court erred in ordering extended term sentencing because his conduct was only a Class A misdemeanor that was enhanced to a Class 4 felony by section 16A—10(2), which provides: "(a)fter a conviction of retail theft or theft, without regard to the full retail value thereof, a second or subsequent offense of retail theft, the full retail value of which does not exceed $150 is a Class 4 felony." Ill. Rev. Stat. 1979, ch. 38, par. 16A—10(2).

In support of his argument, the defendant relies on the recent Illinois Supreme Court holding in *People v. Hobbs* (1981), 86 Ill. 2d 242, 427 N.E.2d 558. There the defendant was convicted of a 1979 theft with a prior theft conviction, a 1978 felony theft, the existence of which enhanced the conduct from a Class A misdemeanor to a Class 3 felony. (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e).) At the sentencing hearing, the court imposed an extended term of six years, finding

that the defendant's only previous felony conviction, the same offense that enhanced the offense to a felony, also served as the predicate felony to extend the defendant's sentence under section 5—5—3.2(b)(1). In vacating the sentencing order, the supreme court said:

> "The crux of this issue is that defendant's conduct in taking the liquor, standing alone, was not a felony under Illinois law for the value of the liquor was less than $150. It became a felony only because defendant had a prior conviction for the same offense. Since the 1979 conduct itself was not a felony it does not appear to fit within the legislative intent manifested by section 5—5—3.2(b). We consider that an extended term could have been imposed if the 1979 offense, exclusive of any other, had constituted a felony, and the earlier conviction had been of a felony at least as egregious. An extended term would have been permissible here, if, for example, the value of the liquor taken in 1979 had exceeded $150 so as to make its taking a felony. But it did not, and its taking became a felony under section 16—1(e) solely by reason of the 1978 felony conviction. To again use that 1978 felony conviction to trigger the court's authority to impose an extended term pursuant to section 5—5—3.2(b) is, in our judgment, incompatible with that section's requirement that the charges must be 'separately brought and tried and arise out of different series of acts.' The logical interpretation of that language indicates an intent to severely punish a recidivist convicted of separate felonies within 10 years where the latest offense consisted of conduct which *itself* constituted a felony. Here, the 1979 conduct was a simple misdemeanor until the earlier conviction was added by allegation and proof, and these circumstances, in our judgment, are simply not those at which section 5—5—3.2(b) is aimed." (Emphasis in original.) *People v. Hobbs* (1981), 86 Ill. 2d 242, 245-46, 427 N.E.2d 558, 559-560.

We agree with the State's contention that *Hobbs* does not directly resolve the issue raised here. There the same offense, a 1978 felony theft, increased the seriousness of the conduct from a Class A misdemeanor to a Class 3 felony and also served as the predicate felony conviction for extended term sentencing, while here the instant conduct was enhanced to a felony by one crime, but the extended term sentencing attached because of three unrelated felony convictions. For this reason, the State urges that we limit *Hobbs* to the double enhancement setting caused by a single prior conviction. We choose not to so limit the holding of *Hobbs* and instead rule in favor of lenity.

While conceding that *Hobbs* addressed a different double enhancement setting and that portions of its holding apply only to double enhancement resulting from a single conviction, we also find that *Hobbs* expliciting expresses dissatisfaction with imposing extended term sentencing to any conduct which does not *"itself* constitute a felony." (*People v. Hobbs* (1981), 86 Ill. 2d 242, 246, 427 N.E.2d 558, 560.) Thus, contrary to the State's analysis, which focuses on the predicate felony conviction, *Hobbs* emphasizes that the underlying instant conduct is what must be examined. If it is conduct which, exclusive of enhancement provisions of the kind in issue today, constitutes a misdemeanor, then no extended term sentence may be imposed under section 5—5—3.2(b)(1). Following this example, we simply believe that, in the interest of lenity, section 5—5—3.2(b)(1) should not be interpreted to authorize imposing up to six years' imprisonment for shoplifting three pieces of meat, unless the General Assembly clearly expresses itself to the contrary.

In this regard, we do not find that *People v. Clearlee* (1981), 101 Ill. App. 3d 16, 427 N.E.2d 1005, mandates a contrary conclusion. There the defendant was convicted of unlawful use of weapons, generally a misdemeanor, but because he was convicted of a felony within the preceding five years, the conduct constituted a Class 3 felony. (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(b).) He received an extended sentence and appealed, claiming such sentencing was improper because of double enhancement. The appellate court affirmed the sentencing order saying that because the circuit court considered other felony convictions than the one used to enhance the subsequent conduct to a felony, no impermissible double enhancement had occurred. *Clearlee* was filed just two weeks after *Hobbs* was issued, however, and contained no discussion of *Hobbs* whatsoever. For this reason, we believe *Hobbs* casts some doubt on the continued validity of *Clearlee* and accordingly choose not to adhere to *Clearlee's* holding.

For the foregoing reasons, we affirm the judgment of conviction entered in the circuit court of Kankakee County and vacate and remand the sentencing order for further proceedings consistent with the opinions herein expressed.

Judgment affirmed; sentence vacated; cause remanded.

BARRY, P.J., and ALLOY, J., concur.