THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN LEE GRAYSON, Defendant-Appellant.

First District (2nd Division)   No. 82—425

Opinion filed November 8, 1983.

Steven Clark and Barbara Kamm, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Larry J. Crown, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Defendant, John Lee Grayson, appeals from his conviction of felonious unlawful use of weapons. (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(10).) The sentence imposed was an extended term of 10 years' imprisonment.

Two grounds for reversal are presented by defendant: (1) that certain testimonial evidence proffered during trial, as well as specific prosecutorial comments made during closing argument, tainted the jury's guilty verdict so as to constitute prejudicial error; and, (2) that the trial court abused its discretion in sentencing defendant to an extended term of imprisonment. As the issue of reasonable doubt was not raised, only a brief summary of the evidence is necessary.

Defendant was arrested on January 27, 1981, on the west side of the city of Chicago, after a chase by two Chicago policemen, Detectives Robert Kleinschmidt and Michael O'Sullivan. During the chase, the policemen recovered one Bower stainless steel .25-caliber automatic handgun which had been discarded by defendant. Following a jury trial, defendant was found guilty as charged; judgment was entered on January 6, 1982.

At the sentencing hearing on February 5, 1982, arguments were heard in aggravation and mitigation. The trial court, indicating that it had reviewed the presentence social investigation report, sentenced defendant to an extended term of 10 years imprisonment. Defendant's 1978 felony conviction for the offense of possession of controlled substance (Ill. Rev. Stat. 1975, ch. 56½, par. 1402) was used to enhance the instant conviction to a Class 3 felony; whereas, defendant's 1975 conviction for the offense of robbery (Ill. Rev. Stat. 1973, ch. 38, par. 18—1) provided the basis for the imposition of an extended-term sentence.

I

We first consider defendant's contention that certain testimonial

evidence proffered at trial, as well as specific prosecutorial comments made during closing argument, suggested his involvement in other crimes. It is urged that this alleged inference was highly prejudicial in that it had the effect of persuading the jury to find defendant guilty of felonious unlawful use of weapons.

## A

At trial, during the direct examination of Detective O'Sullivan, the following colloquy took place between the prosecutor and the police officer:

"[STATE]: Okay. Let me ask you this, approximately how many arrests have you made in the two-block radius of 3500 West Fifth Avenue in those eleven years?

[WITNESS]: Several hundred, it has been known as an [*sic*] narcotic area."

At this point, defense counsel immediately objected and the trial court sustained his objection. However, defendant now contends that the above-quoted testimony had the effect of denying his constitutional right to a fair trial.

■■ Detective O'Sullivan's comment regarding the reputation of the crime scene as a narcotic area did not constitute direct evidence of prior criminality, but merely permitted an inference of suspicion. The record before us does not manifest an effort on the part of the prosecution to elaborate on, much less exploit, the remark in question. Even the detective did not even provide details suggesting the possibility that defendant might have been involved in narcotics transactions. As a result, we are convinced that this isolated comment by the police officer did not single defendant out as a party to the area's reputed drug activities.

We do not deem it necessary to restate the oft-repeated principle applicable to this subject. Defendant relies on *People v. Goodwin* (1979), 69 Ill. App. 3d 347, 349, 387 N.E.2d 433 (where the police officer testified "[defendant] asked me to let him go, he did not want to go back to prison again"), and *People v. Curry* (1975), 25 Ill. App. 3d 637, 639, 323 N.E.2d 778 (where the police officer testified "we had two rape warrants out for [defendant] with a gang-related incident at the time of the shooting"). As can be readily discerned, however, the questioned testimonial evidence here falls far short of that considered by Illinois courts to constitute reversible error.

■■ We therefore hold that Detective O'Sullivan's characterization of the vicinity in which defendant was arrested, taken in the context of his familiarity with the crime scene, did not prejudicially induce the

jury to regard defendant as a man with the criminal propensity to commit the offense of unlawful use of weapons.

## B

█ Next, we consider defendant's assertion that he was denied a fair trial because of alleged prejudicial comments made by the prosecutor during closing argument. Specifically, defendant cites five instances which merely contained the prosecutor's argument pertaining to what the testimonial evidence adduced at trial demonstrated. We note, however, that three of the five remarks were not objected to by defendant at trial; nor were they raised in his written motion for a new trial. We thus consider these three alleged errors as having been waived for appellate review. *People v. Carlson* (1980), 79 Ill. 2d 564, 575-76, 404 N.E.2d 233; *People v. Pickett* (1973), 54 Ill. 2d 280, 282, 296 N.E.2d 856.

█ █ As for defendant's remaining citations of error, he urges that the following two prosecutorial comments substantially prejudiced his constitutional right to a fair trial:

"[STATE]: [Detective Kleinschmidt] is in that area day in and day out in his job as a Chicago Police Officer trying to keep these streets safe, trying to keep people—

[DEFENSE]: Objection.

[STATE]: —from carrying guns on the streets.

THE COURT: Noted.

[STATE]: They had to arrest him for possessing that gun because he committed that offense right in front of him. Same as if he had shot someone right in front of him—

[DEFENSE]: Objection.

THE COURT: Sustained."

Our supreme court has consistently held that a prosecutor's closing argument may, when supported by facts in the record or inferences fairly drawn therefrom, denounce the accused, comment on the violence and evil results of the crime, reflect upon witness credibility, and urge the fearless administration of the law. (*People v. Bryant* (1983), 94 Ill. 2d 514, 523-24, 447 N.E.2d 301; *People v. Jackson* (1981), 84 Ill. 2d 350, 360, 418 N.E.2d 739.) The standard for determining if prosecutorial comments made during closing argument constitute reversible error is whether those remarks were such that, without their having been made, the jury might have reached a different result; furthermore, a trial court's determination of the propriety of a prosecutor's closing argument will not be disturbed absent extreme error. *People v. Barnes* (1983), 117 Ill. App. 3d 965, 976-77;

*People v. Maldonado* (1981), 101 Ill. App. 3d 948, 951, 428 N.E.2d 1087, *appeal denied* (1981), 85 Ill. 2d 571.

■ Regarding the instant action, defendant was prosecuted for the felonious unlawful use of weapons based on the uncontroverted, eyewitness testimony of two veteran Chicago police officers. In accordance with *Bryant* and *Jackson*, it was therefore permissible for the prosecution to comment on the violence and the evil results of this crime. Likewise, it was permissible for the State to emphasize the importance of a fearless administration of the law.

■ ■ The trial court properly sustained defendant's objection to the statement, "[s]ame as if he had shot someone right in front of him." However, "it is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations"; for, "the interests preserved by the doctrine of harmless error cannot be so lightly and casually ignored in order to chastise *** prosecutorial overreaching." (*United States v. Hasting* (1983), 461 U.S. 499, 509, 507, 76 L. Ed. 2d 96 106, 105, 103 S. Ct. 1974, 1980, 1979.) Here, there has been no showing that any of the remarks questioned by defendant influenced the jury and thus became a material factor in his conviction. To the contrary, from our review of the record we find that the evidence establishing defendant's guilt was overwhelming. Indeed, defendant does not even contest the sufficiency of the evidence against him.

Since the prosecutorial comments complained of in this case were not of such magnitude as to result in substantial prejudice against defendant, we therefore hold that he was not deprived of his constitutional right to a fair trial.

## II

■ ■ Defendant further argues that the trial court abused its discretion in sentencing him to an extended term of 10 years imprisonment.

## A

It is first maintained that the lower court erroneously considered evidence of other criminal conduct, as well as the threat of serious harm to Detective Kleinschmidt, used in aggravation during the sentencing hearing.

In Illinois, it is firmly established that the determination of a sentence is a matter of judicial discretion and that, absent an abuse of this discretion, the sentence imposed by the trial court will not be altered upon review. (*People v. Cox* (1980), 82 Ill. 2d 268, 275, 412

N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882.) Moreover, our supreme court has recently held that evidence of other offenses not resulting in a conviction can be considered by a trial judge when determining a particular defendant's sentence, for the court is not strictly limited to consideration of only that information which would be admissible under the adversary circumstances of a trial. *People v. La Pointe* (1981), 88 Ill. 2d 482, 494-99, 431 N.E.2d 344.

At the hearing in aggravation and mitigation in the case at bar, three stipulations were presented by the State. The third stipulation concerned the testimony of one Demetrius Brown who, were he called as a witness for the prosecution, would testify that on January 20, 1981, defendant walked into a pool hall at 806 South Pulaski in Chicago and attempted to talk him into joining the Vice Lords gang. However, because of Brown's refusal to join the Vice Lords, defendant shot him once in the groin and once in the shoulder.

Defendant now argues that "[t]here was no indication of reliability [*sic*] as to this evidence." Since no witness testified from firsthand knowledge as to the foregoing facts, defendant urges that it was improper for the court to rely on this evidence. Defendant further claims that his trial counsel stated that he was stipulating only if Brown had changed his mind about testifying. We find both of these assertions to be without merit.

■■■ First, by arguing that the trial court erred because it considered information not sworn to in open court, nor subject to cross-examination, defendant eviscerates the well-established doctrine extensively relied upon by the *La Pointe* court in the rendition of its decision: " '*** We must recognize that most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross-examination. ***' " *People v. La Pointe* (1981), 88 Ill. 2d 482, 497, quoting *Williams v. New York* (1949), 337 U.S. 241, 250, 93 L. Ed. 1337, 1343, 69 S. Ct. 1079,1084.

Second, it is clear from our review of the record in this case that defendant's counsel at trial unequivocally stipulated to the contents of Demetrius Brown's testimony:

> "[DEFENSE]: I have talked to the State's Attorney and we agreed that if Mr. Brown did come into this court and take the stand that would be his testimony as indicated through the police reports. I would so stipulate to that."

Defendant cannot now be heard to say that this stipulation was in-

260

valid merely because the witness did not intend to appear at the hearing. There was an irrefutable stipulation before the trial court and, in accordance with *Cox* and *La Pointe*, the sentencing judge was entitled to find such evidence accurate and reliable. To raise such an issue on appeal based upon this record dilutes the appellate process. It is much more professional to ignore specious arguments and concentrate on the significant.

■■■ It is further maintained that the trial court improperly considered the aggravating factor that defendant's conduct during his apprehension threatened serious harm to Detective Kleinschmidt. Illinois statutory law, however, provides that a defendant's conduct which threatens serious harm may be considered by the trial court when making a sentence determination. Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(a)(1).

The evidence adduced at the instant trial showed that during the extensive chase to prevent defendant's escape, he reached into his right coat pocket and pulled out a loaded Bower stainless steel .25-caliber automatic handgun. This act was done when Detective Kleinschmidt was approximately 10 to 15 feet behind him. The detective testified that "[i]t seemed like his finger was in the trigger, and a portion of the barrel was sticking out, protruding." In fact, the detective even acknowledged that it was possible at that time for defendant to turn around and fire. Examination of the gun at the scene revealed one live cartridge in the chamber, and approximately four to six live rounds of ammunition in the clip.

■■■ In this factual setting, it is quite obvious that defendant's conduct manifested an intent to escape at all costs, even if he had to shoot a Chicago police officer in the process. Without question, such menacing behavior threatened serious harm—if not death—to Detective Kleinschmidt; as a result, we are convinced that the trial court properly considered this evidence as a factor in aggravation under section 5—5—3.2(a)(1) of the Unified Code of Corrections. Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(a)(1).

B

■■■■ ■■ The final issue for resolution involves the propriety of the trial court's determination that defendant was eligible to receive an extended term of imprisonment.

In Illinois, sentencing judges are vested with wide discretion in order to permit reasoned judgments as to the punishment appropriate to the particular circumstances presented in each case. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 492.) Within this broad discretionary

framework, a trial judge may impose an extended term of imprisonment upon any offender, at least 17 years old on the date the crime was committed, when "convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts ***." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1).) However, "[t]he logical interpretation of that language indicates an intent to severely punish a recidivist convicted of separate felonies within 10 years where the latest offense consisted of conduct which *itself* constituted a felony." *People v. Hobbs* (1981), 86 Ill. 2d 242, 246, 427 N.E.2d 558.

In *Hobbs*, the defendant stole liquor in 1979; this conduct, standing alone, constituted a Class A misdemeanor under Illinois statutory law since the value of the stolen property was less than $150. (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e).) However, due to a prior felony theft conviction in 1978, the 1979 offense was enhanced to a Class 4 felony in accordance with section 16—1(e). Following prosecution and conviction, the trial court again used the 1978 theft as the predicate felony conviction for the imposition of an extended-term sentence of six years' imprisonment. In concluding that the circuit court erred in imposing an extended-term sentence, the *Hobbs* court stated that "an extended term could have been imposed if the 1979 offense, exclusive of any other, had constituted a *felony*, and the earlier conviction had been of a felony at least as egregious." (Emphasis added.) *People v. Hobbs* (1981), 86 Ill. 2d 242, 245.

Here, the indictment upon which defendant was convicted and sentenced charged him with unlawful use of weapons, in violation of section 24—1(a)(10) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(10)). Since this crime occurred within five years of defendant's parole on May 22, 1980, for his 1978 felony conviction for the offense of possession of a controlled substance (Ill. Rev. Stat. 1975, ch. 56½, par. 1402), the instant offense was enhanced to a Class 3 felony in accordance with section 24—1(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(b)). At the sentencing hearing, the trial court determined that defendant was eligible for an extended-term sentence since he was convicted in the present case of a Class 3 felony after having been convicted in 1975 of robbery, a Class 2 felony (Ill. Rev. Stat. 1973, ch. 38, par. 18—1(b)) for which he was sentenced to a term of one to three years' imprisonment. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(3).

Under these circumstances, we do not believe defendant was eligible for an extended-term sentence; nor do we agree with the State's

assertion that *People v. Clearlee* (1981), 101 Ill. App. 3d 16, 427 N.E.2d 1005, is dispositive of this issue. In *Clearlee*, the defendant was convicted of unlawful use of weapons, enhanced to a Class 3 felony because of his two previous convictions that were stipulated to in the State's case-in-chief. An extended term of eight years' imprisonment was imposed because of defendant's "four other robbery convictions." (*People v. Clearlee* (1981), 101 Ill. App. 3d 16, 20.) This court affirmed the sentence determination, holding that since the circuit court considered four distinct felony convictions not used to prove the enhanced charge, an extended term was thereby justified. (*People v. Clearlee* (1981), 101 Ill. App. 3d 16, 18, 20.) However, we note that *Clearlee* contained no discussion of *Hobbs* since it was filed two weeks after the *Hobbs* opinion was issued.

Defendant cites *People v. Spearman* (1982), 108 Ill. App. 3d 237, 438 N.E.2d 1320, *appeal denied* (1982), 92 Ill. 2d 571, in support of his contention that the imposition of an extended-term sentence was erroneous. The defendant in *Spearman* was convicted of retail theft, ordinarily a Class A misdemeanor, but which was enhanced to a Class 4 felony because of his previous conviction for another misdemeanor retail theft. An extended-term sentence was imposed due to defendant's history of burglary and attempted burglary convictions. This sentencing order was reversed, the court holding that section 5—5—3.2(b)(1) of the Unified Code of Corrections would not be interpreted so as to authorize the imposition of up to six years' imprisonment for shoplifting three pieces of meat. (*People v. Spearman* (1982), 108 Ill. App. 3d 237, 240.) Although the conviction used in *Spearman* to enhance the retail theft charge from a misdemeanor to a felony was a prior misdemeanor, whereas the conviction used in the present case to enhance the unlawful use of weapons charge from a misdemeanor to a felony was a prior felony, we nonetheless find the decision helpful in our analysis of *Hobbs* and the intricacies of the sentencing provisions of the Unified Code of Corrections.

In essence, *Hobbs* mandates that we carefully scrutinize the underlying instant conduct and that if such conduct, irrespective of enhancement by prior conviction, constitutes a misdemeanor, then section 5—5—3.2(b)(1) cannot be invoked. (*People v. Hobbs* (1981), 86 Ill. 2d 242, 245.) Since subsection (a)(10) of the unlawful use of weapons statute is not a felony in its unenhanced state (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(b)), it is not thereby accordant with the legislative intent manifested by section 5—5—3.2(b). As a result, we hold that the imposition of an extended-term sentence here was erroneous.

## III

■■■ Under the authority of section 8 of "An Act concerning fees and salaries ***" (Ill. Rev. Stat. 1981, ch. 53, par. 8), and *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we assess defendant $50 in costs for the State's defense of this appeal, and hereby incorporate it as part of this judgment. We deny the State's request for an additional $25 for oral argument. This denial is predicated on our interpretation of the *per diem* provision of the statute ("For each day actually employed in the trial of a case, $25") as referring to an actual trial in the circuit court, not to an oral argument on appeal.

For the reasons set out herein, the judgment of conviction is affirmed; the sentencing order is vacated; and, this cause is remanded to the circuit court of Cook County for resentencing.

Judgment affirmed; sentence vacated; cause remanded.

PERLIN and HARTMAN, JJ., concur.