(No. 76525.—)

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. TAZELL HICKS, Appellant.

*Opinion filed January 26, 1995.*

Rita A. Fry, Public Defender, and Suzanne A. Isaacson and Karen E. Tietz, Assistant Public Defenders, of Chicago, for appellant.

Roland Burris, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Arleen C. Anderson, Assistant Attorney General, of Chicago, and Renee G. Goldfarb, Theodore Fotios Burtzos and Jon J. Walters, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

In this appeal we are asked to resolve a conflict among the districts of our appellate court with respect to whether the trial court may impose an extended-term sentence for a felony conviction, where that felony conviction was enhanced from a misdemeanor because of the accused's previous criminal convictions.

I

In February 1992, defendant, Tazell Hicks, attempted to leave a Unique Thrift Store with retail merchandise for which he had not paid. His efforts were thwarted by a security guard who apprehended defendant as he reached the exit to the store. The property taken by defendant was worth less than $150. Although retail theft of property valued at less than $150 is usually a misdemeanor, the offense is enhanced to a felony when the accused has a previous conviction for theft. (720 ILCS 5/16A—10(2) (West 1992).) Because defendant had a 1984 conviction for retail theft, his acts at the Unique Thrift Store in 1992 were charged and prosecuted as felony retail theft, which is a Class 4 felony. Following a jury trial, defendant was found guilty and convicted as charged.

At defendant's sentencing hearing, the trial court noted that the defendant had a previous felony retail theft conviction. On this basis, the trial court determined that defendant should be sentenced to an extended six-year term of imprisonment. The appellate court affirmed defendant's sentence. (No. 1—92—1940 (unpublished order under Supreme Court Rule 23).) We allowed defendant's petition for leave to appeal (145 Ill. 2d R. 315(a)) to resolve a split of decisions among the appellate court districts with respect to whether extended-term sentencing applies to felonies that have been enhanced from misdemeanors because of previous felony convictions.

II

Under the Criminal Code of 1961, a person commits the offense of retail theft when he knowingly carries away merchandise offered for sale in a retail store without payment for the merchandise. (720 ILCS 5/16A—3(a) (West 1992).) Retail theft of property valued at less than $150 is a Class A misdemeanor. (720 ILCS 5/16A—10(1) (West 1992).) However, this Class A misde-

meanor is enhanced to a Class 4 felony when the defendant has been previously convicted of any type of theft. (720 ILCS 5/16A—10(2) (West 1992).) Because defendant had a previous retail theft conviction in 1984, he was charged with and prosecuted for Class 4 felony retail theft. Upon review, defendant does not dispute that he was properly convicted of a Class 4 felony because of his 1984 conviction of retail theft.

Defendant's appeal challenges his extended-term sentence of six years' imprisonment. Defendant argues that, where acts amounting to misdemeanor retail theft are charged as a felony because of the accused's prior conviction of retail theft, the prosecution may not seek to further enhance the offender's sentence to an extended term based on a second retail theft conviction.

The State contends that the defendant's sentence is appropriate because of section 5—5—3.2(b)(1) of our Unified Code of Corrections (730 ILCS 5/5—5—3.2(b)(1) (West 1992) (hereinafter referred to as the extended-term sentencing provision)). The extended-term sentencing provision of our Code states that an extended-term sentence may be imposed when the defendant "is convicted of any felony, after having been previously convicted in Illinois *** of the same or similar class felony or greater class felony." (730 ILCS 5/5—5—3.2(b)(1) (West 1992).) The section requires that the previous felony conviction must have occurred within 10 years, excluding time spent in custody, must have been separately brought and tried, and must have arisen out of a different series of acts. 730 ILCS 5/5—5—3.2(b)(1) (West 1992).

It is undisputed that the defendant's past criminal record satisfied the enumerated criteria of the extended-term sentencing provision, *i.e.*, that his 1985 felony retail theft conviction occurred within 10 years, that it was separately brought and tried, and that it arose from a different set of acts.

Defendant contends that his commission of retail theft from the Unique Thrift Store does not amount to a "felony" under the extended-term sentencing provision. Defendant claims that the phrase "any felony" in the extended-term sentencing provision does not encompass a misdemeanor that has been enhanced to a felony because of a prior retail theft conviction. Defendant argues that the term "any felony" in the extended-term sentencing provision is ambiguous and should be interpreted liberally in his favor.

Well-established rules of statutory interpretation assist our resolution of the issue presented in this appeal. It is the preeminent role of statutory construction to give effect to the language and intent of the legislature. (*People v. Bole* (1993), 155 Ill. 2d 188, 195.) To accomplish this goal, words used in the statutory provision should be given their plain and ordinary meaning. (*People v. Zaremba* (1994), 158 Ill. 2d 36, 40.) Where the words themselves are unambiguous, there is no need to resort to external aids of interpretation in order to glean the legislature's purpose. (*Zaremba*, 158 Ill. 2d at 40.) When the language used is susceptible to more than one equally reasonable interpretation, however, the court may look to additional sources to determine the legislature's intent. (*People v. Jameson* (1994), 162 Ill. 2d 282, 288; *People v. Lowe* (1992), 153 Ill. 2d 195, 203.) It has been often recited that penal statutes, where ambiguous, should be construed to afford lenity to the accused. (See, *e.g., People v. Alejos* (1983), 97 Ill. 2d 502, 512; *People v. McCarty* (1983), 94 Ill. 2d 28, 34-35.) However, this rule does not justify the failure to apply a criminal statute where the legislature clearly intended its application. *Liparota v. United States* (1985), 471 U.S. 419, 427, 85 L. Ed. 2d 434, 441, 105 S. Ct. 2084, 2089; *Faheem-El v. Klincar* (1988), 123 Ill. 2d 291, 298; *People v. Haywood* (1987), 118 Ill. 2d 263, 271.

We find no ambiguity in the term "any felony" in the extended-term sentencing provision as applied to the facts of the case presently before us. A statute is not rendered ambiguous merely because the defendant believes the legislation should be interpreted so that it would not apply to him. The plain language of the extended-term sentencing provision explicitly states that it applies to "any felony." The statutory provision makes no exception for misdemeanors, such as retail theft, that have been enhanced to a felony in accordance with the legislature's direction. (See 720 ILCS 5/16A—3 (West 1992).) We believe that the words "any felony" are broad in scope and apply to the defendant's enhanced felony conviction for retail theft in the present cause.

Defendant offers several arguments in support of his claim of ambiguity with respect to the words "any felony" in the extended-term sentencing provision. First, defendant contends that the phrase "any felony" is ambiguous because there has been a divergence in the rulings of our appellate court with respect to whether extended-term sentencing may be imposed, where the defendant was tried and convicted of a crime that was upgraded from a misdemeanor to a felony because of a prior conviction. However, the majority of the.panels of our appellate court has rejected the view suggested by defendant in the present cause. (*People v. Smith* (1993), 257 Ill. App. 3d 252, *overruling People v. Grayson* (1983), 119 Ill. App. 3d 252; *People v. Niemeyer* (1993), 243 Ill. App. 3d 875, *overruling People v. Hurd* (1989), 190 Ill. App. 3d 800; *People v. Martin* (1992), 240 Ill. App. 3d 260, *overruling People v. Spearman* (1982), 108 Ill. App. 3d 237; *People v. Anderson* (1991), 211 Ill. App. 3d 140; *People v. Crosby* (1990), 204 Ill. App. 3d 548; *People v. Roby* (1988), 172 Ill. App. 3d 1060.) We do not believe that the appellate court rulings to which defendant adverts are a sufficient basis to find the extended-term

sentencing provision ambiguous in its application to the defendant.

Defendant also relies upon *People v. Drakeford* (1990), 139 Ill. 2d 206, and *People v. Alejos* (1983), 97 Ill. 2d 502, in which this court found that the crimes of voluntary manslaughter and second degree murder did not amount to a "felony" under the armed violence statute. In so ruling, this court reasoned that the armed violence statute was designed to punish intentional murders, rather than those such as voluntary manslaughter or second degree murder that are committed without prior thought or planning. *Drakeford*, 139 Ill. 2d at 211-15; *Alejos*, 97 Ill. 2d at 509-10.

Our extended-term sentencing provision is designed to increase the length of imprisonment where the defendant has a criminal record of prior felonies, in order to punish and deter recidivist behavior. (*People v. Richardson* (1984), 104 Ill. 2d 8, 18.) There is nothing in this objective that is at odds with the inclusion of felony retail theft within the purview of the extended-term sentencing provision. Consequently, we find defendant's reliance on *Drakeford* and *Alejos* misplaced.

Defendant claims that this court's decision in *People v. Jackson* (1984), 99 Ill. 2d 476, sustains his position that the term "any felony" in the extended-term sentencing provision is ambiguous and should not encompass a charge of retail theft that has been enhanced from a misdemeanor to a felony. Defendant asserts that in *Jackson*, this court found that the defendant, who had been convicted of theft, "had not committed a felony but had merely been sentenced like someone who had." The defendant misconstrues the reasoning and holding of this court in *Jackson*.

In *Jackson*, the defendant was charged with theft of property valued at more than $150, which was classified as a felony at the time she was indicted. Before her trial

began, the statutory minimum amount for felony theft was increased to $300. Defendant argued that she should be entitled to the more lenient amendment, which would render her offense a misdemeanor rather than a felony. (See *Jackson*, 99 Ill. 2d at 477-78.) This court agreed with the defendant's claim, reasoning that "[v]alue determines only whether the theft will be punished as a felony or as a misdemeanor" and that the value of the property taken by the offender did not alter the separate determination that the defendant had in fact unlawfully taken the property. *Jackson*, 99 Ill. 2d at 479.

Contrary to defendant's argument, this court in *Jackson* did not state or imply that conviction of theft is not a felony, but is merely to be sentenced as though it were a felony. This court held that, under the statutory definition of theft (Ill. Rev. Stat. 1981, ch. 38, par. 16—1, now codified at 720 ILCS 5/16—1 (West 1992)), it is the value of the property that determines whether the crime will be classified as a felony or as a misdemeanor. Similarly, in the present cause, it is the existence of the accused's prior theft conviction that determines whether the retail theft offense will be classified, charged, and prosecuted as a felony or as a misdemeanor. (720 ILCS 5/16A—3 (West 1992).) This court's reasoning in *Jackson* does not support defendant's position.

Defendant also relies upon *People v. Hobbs* (1981), 86 Ill. 2d 242. In that case, the defendant was tried and convicted for a retail theft that he had committed in 1979. This retail theft conviction was enhanced to a felony because of a prior felony theft conviction entered against the defendant in 1978. The same 1978 felony theft conviction was then used in order to sentence defendant to an extended term of six years' imprisonment. The extended-term sentencing provision in effect at the time (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b))

was substantially similar to the one relied upon in the present cause.

In reversing his extended-term sentence, this court found it significant that the same prior conviction was used both to enhance the classification of the offense from a misdemeanor to a felony and to increase the defendant's sentence to an extended term. Because of this reliance upon the same prior conviction for the purpose of both conviction and sentence, we found the defendant's sentence invalid. (*Hobbs*, 86 Ill. 2d at 245.) In the present case, in contrast, separate convictions were relied upon to enhance the classification of defendant's conviction and to extend his term of imprisonment. Thus, the instant cause is distinguishable from the facts and circumstances of *Hobbs*. See *People v. Terrell* (1989), 132 Ill. 2d 178, 222 (distinguishing *Hobbs* on similar grounds).

Nevertheless, defendant relies upon certain language in *Hobbs* which, according to defendant, indicates that he could not be sentenced to an extended term. This court made a comment in *Hobbs* that the "logical interpretation of [the extended-term sentencing provision] indicates an intent to severely punish a recidivist convicted of separate felonies within 10 years where the latest offense consisted of conduct which itself constituted a felony." (Emphasis omitted.) (*Hobbs*, 86 Ill. 2d at 246.) This court noted that the crime of retail theft, for which the defendant had been tried and convicted, "was a simple misdemeanor until the earlier conviction was added by allegation and proof," and it ventured the opinion that "these circumstances, in our judgment, are simply not those at which [the extended-term sentencing provision] is aimed." *Hobbs*, 86 Ill. 2d at 246.

We conclude that these comments in *Hobbs* were intended to apply in those limited instances where the same conviction is used to both enhance the classifica-

tion of the defendant's conviction and then to also increase the length of his imprisonment. To the extent that this court's remarks in *Hobbs* might be interpreted to preclude the defendant's extended-term sentence in the present case, we conclude that they were inaccurate and misguided.

Subsequent to *Hobbs*, and more recently, this court has decided the case of *People v. Gonzalez* (1992), 151 Ill. 2d 79. *Gonzalez* provides more appropriate guidance in resolving the issue raised in this appeal.

In *Gonzalez*, the defendant was convicted in 1988 for the offense of unlawful use of a weapon by a felon. This offense was enhanced from a misdemeanor to a felony because the defendant had a 1979 felony robbery conviction. After his conviction, defendant was sentenced to an extended term. This extended-term sentence was based on a felony aggravated battery conviction that the defendant received in 1980. (See *Gonzalez*, 151 Ill. 2d at 80-81.) Defendant argued that his extended-term sentence was an impermissible double enhancement. According to defendant, his " 'status as a felon' was [erroneously] used *twice*, once to 'upgrade' his crime from a misdemeanor to a felony, and a second time to enhance his sentence." (Emphasis in original.) *Gonzalez*, 151 Ill. 2d at 81.

This court rejected defendant's argument that his extended term amounted to an impermissible double enhancement, reasoning as follows:

"Clearly \*\*\* no single factor was used *both* to establish the elements of defendant's crime and to sentence defendant to an extended term. Rather, a separate, independent factor was used in each capacity. Defendant's offense was established through evidence of his *1979 robbery conviction*. Defendant's extended-term sentence was premised upon his *1980 aggravated battery conviction*. No double use of a single factor occurred and, thus, no impermissible double enhancement resulted. [Citations.]" (Emphasis in original.) *Gonzalez*, 151 Ill. 2d at 85.

Similarly, in the instant cause, two different and separate convictions were relied upon to enhance the classification of the defendant's offense and to increase the length of his prison term. First, in accordance with our Criminal Code (720 ILCS 5/16A—10(2) (West 1992)), defendant's 1984 retail theft conviction was the basis for the enhancement of his retail theft charge from a misdemeanor to a felony. In addition, and again in accordance with our Code (730 ILCS 5/5—5—3.2(b)(1) (West 1992)), defendant's 1985 felony retail theft conviction was the ground to enlarge his imprisonment to an extended term. In light of these considerations, we find no error in the extended-term sentence defendant received in the present case.

We further reject the defendant's argument that the term "any felony" is ambiguous when construed in the historical context of theft and extended-term sentencing in this State. Defendant claims that, historically, this State has not allowed the application of extended-term sentencing to the offense of theft.

Initially we note that, because we find the extended-term sentencing provision to be unambiguous in its application to the instant cause, there is no reason to resort to an external aid such as historical texts in order to interpret and construe the statute. (See, *e.g.*, *Zaremba*, 158 Ill. 2d at 40.) Additionally, considering defendant's argument on its merits, we find the defendant's claim inaccurate and incorrect.

Prior to the adoption of our Criminal Code of 1961, our criminal laws did not refer to the offense of "theft," but rather recognized the crime of "larceny." Larceny was generally defined as the "felonious stealing, taking and carrying, leading, riding, or driving away the personal goods of another." (Ill. Rev. Stat. 1949, ch. 38, par. 387; see also Ill. Rev. Stat. 1949, ch. 38, par. 388 (larceny of dog), par. 388a (larceny of motor vehicle).)

Larceny of property valued at less than $15 was punishable by a maximum of one year's imprisonment. (Ill. Rev. Stat. 1949, ch. 38, par. 389.) If the property was valued at more than $15, a term of imprisonment ranging from one to 10 years could be imposed. Ill. Rev. Stat. 1949, ch. 38, par. 389.

The criminal laws predating our current Criminal Code of 1961 also provided for punishment where the larceny conviction was a second-time offense. Specifically, it was stated that, for a "second conviction of the offense of petty larceny [*i.e.*, where the property was worth less than $15] by any person over the age of eighteen years, the punishment shall be by imprisonment in the penitentiary for a term of not less than one year and not exceeding three years." (Ill. Rev. Stat. 1949, ch. 38, par. 393.) This provision was amended in 1951, however, to include an additional paragraph regarding punishment for repeated offenses of theft. This additional paragraph of the 1951 amendment reads as follows:

> "Every person who shall have been convicted three times of larceny in any degree and who subsequently shall commit petty larceny of goods, wares or merchandise on display or in stock for sale in a store, shall be punished by imprisonment in the penitentiary not less than one year nor more than five years." Ill. Rev. Stat. 1951, ch. 38, par. 393.

We find it particularly significant that this provision was specifically designed to increase the term of imprisonment where the subsequent offense involved the theft of goods that were placed for public sale in a store. This criminal activity is now what we refer to as retail theft. (See 720 ILCS 5/16A—3 (West 1992).) Furthermore, the maximum length of imprisonment under the 1951 amendment—five years—is only a year less than the maximum length of imprisonment now permitted for an extended term on a Class 4 felony (*i.e.*, felony retail

theft). (See 730 ILCS 5/5—8—2 (West 1992).) The 1951 amendment conflicts with and refutes the defendant's claim that our laws relating to larceny never permitted an extended term of imprisonment for a petty larceny conviction. The 1951 amendment supports, rather than rebuts, our conclusion that defendant could be properly sentenced to an extended term of imprisonment.

Defendant also relies upon past provisions regarding sentencing for "habitual offenders," but this reliance is equally misplaced. The "habitual offender" statute, which was in force in this State before adoption of the Criminal Code of 1961, applied to grand larceny but did not apply to petty larceny. (See Ill. Rev. Stat. 1955, ch. 38, par. 602.) However, this statute was supplanted in 1957 by the Illinois Habitual Criminal Act, which was designed to increase the permissible range of sentences where the defendant had prior felony convictions. (See Ill. Rev. Stat. 1959, ch. 38, par. 603.1 *et seq.*) The Illinois Habitual Criminal Act defined a "felony" as follows:

"A 'felony' is an offense punishable with death or by imprisonment in the penitentiary. An offense which, in the absence of previous convictions, is punishable only as a misdemeanor, but which is punishable as a felony if the defendant was previously convicted of an offense of the same description or of a specified other description, is a 'felony' (with respect to either a 'former conviction' or a 'principal offense' under this Act) if in the particular instance being considered, the defendant was proved to have been so previously convicted." (Ill. Rev. Stat. 1959, ch. 38, par. 603.2.)

This definition of "felony" would include a misdemeanor charge of larceny that has been enhanced because of a prior larceny conviction.

We conclude that these provisions are consistent with our interpretation of our modern statutory provision regarding extended-term sentencing. We perceive no disharmony between the former provisions regarding proper sentences for petty larceny and the current

enhancement of retail theft from a misdemeanor to a felony where the defendant has been previously convicted of theft. Also, application of extended-term sentencing to the defendant's felony conviction in the present case is not inconsistent with the historical bases of petty larceny or the now-repealed Illinois Habitual Criminal Act. Just as our former "habitual criminal" statute did not apply to "petty larceny," our current statutory enactment regarding extended-term sentencing similarly does not apply to misdemeanor retail theft. Rather, our present statutory scheme applies to felony retail theft.

Defendant notes that the General Assembly has never enacted legislation to overrule Illinois appellate court decisions holding that extended-term sentences are not appropriate where the defendant's misdemeanor offense has been upgraded to a felony (*People v. Godwin* (1991), 212 Ill. App. 3d 435; *Hurd*, 190 Ill. App. 3d 800; *People v. Nally* (1985), 134 Ill. App. 3d 865; *Grayson*, 119 Ill. App. 3d 252; *Spearman*, 108 Ill. App. 3d 237). However, the legislature has similarly not enacted any statutory provisions to overrule subsequent appellate court decisions that have reached a contrary conclusion (*Smith*, 257 Ill. App. 3d 252, *overruling Grayson*, 119 Ill. App. 3d 252; *Niemeyer*, 243 Ill. App. 3d 875, *overruling Hurd*, 190 Ill. App. 3d 800; *Martin*, 240 Ill. App. 3d 260, *overruling Spearman*, 108 Ill. App. 3d 237; *Anderson*, 211 Ill. App. 3d 140; *Crosby*, 204 Ill. App. 3d 548; *Roby*, 172 Ill. App. 3d 1060). In view of the difference of opinion as expressed in the decisions of the appellate court districts, we do not believe that any legislative intent can be inferred with respect to the appropriate interpretation to be given to the extended-term sentencing provision in the present case.

Defendant also points to an amendment of the theft and retail theft definitions that was adopted by the Gen-

eral Assembly in 1988. That 1988 amendment stated as follows:

> "[When a person has a prior conviction of any type of theft, robbery, armed robbery, burglary, etc.], the information or indictment charging that person shall state such prior conviction so as to give notice of the State's intention to treat the charge as a felony. The fact of such prior conviction is not an element of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial." (Pub. Act 85—691, § 1, eff. January 1, 1988.)

Defendant argues that comments made in legislative debate regarding this 1988 amendment lend support to his argument that the extended-term sentencing provision was not intended to apply to felony retail theft. Specifically, defendant relies upon the following remarks made by Senator Hawkinson:

> "We don't change any penalties with this law, but what we do is we indicate that the defendant should be advised in the charge that he is to be *treated as a felon,* and that then that will be appropriate at the sentencing time rather than having that element introduced before the jury. What happens is, if you've got a misdemeanor theft and you introduce evidence of the prior theft, it can unduly prejudice the jury against the defendant when, in fact, *all we're using that for is to increase the penalty to a felony upon conviction.*" (Emphasis added.) 85th Ill. Gen. Assem., Senate Proceedings, May 13, 1987, at 189 (statements of Senator Hawkinson).

The defendant suggests that the legislator's comments "clearly appear to imply that the single enhancement—to a Class 4 felony sentence—was all that was intended." We disagree.

The defendant's argument fails to appreciate the distinction between enhancement of the classification of criminal activity from a misdemeanor to a felony, and the enlargement of a felony sentence because of a previous felony conviction. This court has attached particular significance to this distinction. For example, where

the crime for which the defendant is being tried is upgraded from a misdemeanor to a felony because of a prior conviction, the State must give notice to the defendant, prior to the commencement of trial, that he will be tried for the felony offense, rather than the misdemeanor. However, where the State will seek to rely upon a prior conviction entered against the defendant in order to increase the length of the defendant's sentence, the State is not obligated to notify the defendant of this intention prior to trial. Numerous statutory provisions have been enacted, including the 1988 amendment referred to above, to reflect these requirements. (See *People v. Jameson* (1994), 162 Ill. 2d 282 (and statutes cited therein).) The legislator's remarks were intended to refer to the enhancement of the classifications of theft and retail theft from a misdemeanor to a felony, rather than the enlargement of the term of imprisonment applicable to the offense. Viewed in their proper context, we do not believe that the legislator's remarks are properly read as an indication that defendant could not be sentenced to an extended term for felony retail theft in the present cause.

Lastly, defendant contends that application of the extended-term provision is improper because he was not convicted of a violent crime. According to defendant, theft and retail theft are "among the least serious of all offenses." The defendant suggests that it would be unreasonable, arbitrary and unjust to conclude that the term "felony" under the extended-term sentencing provision includes a charge of misdemeanor retail theft that has been upgraded to a felony because of a prior theft conviction.

We do not believe that the legislative scheme, in its application to defendant, amounts to an unreasonable, arbitrary or unjust statutory enactment that should be set aside by this court. We disagree with defendant's

characterization of felony retail theft as one of the "least serious of all offenses" because it does not use violence or the threat of violence to perpetrate the crime. The absence of violence in the commission of an offense does not render the criminal acts less deserving of substantial punishment. The harms that flow from crimes such as retail theft are just as real and significant to their victims notwithstanding the offender's lack of force to commit the offense. As the trial judge noted in the present cause, the defendant "preyed upon" business owners who worked hard to earn a living.

The economic impact of shoplifting can be devastating to a business venture, whether large or small. Indeed, the legislature's enactment of provisions criminalizing retail theft included an express legislative declaration: "It is the public policy of this State that the substantial burden placed upon the economy of this State resulting from the rising incidence of retail theft is a matter of grave concern to the people of this State who have a right to be protected in their health, safety and welfare from the effects of this crime." (720 ILCS 5/16A—1 (West 1992).) This stated policy surely justifies the General Assembly's decision to enhance misdemeanor retail theft to a felony if the defendant has a prior theft conviction, and to increase the defendant's felony retail theft sentence to an extended term where the defendant has previously committed a felony.

Moreover, if the legislature had wished to exclude crimes such as retail theft from the purview of the extended-term sentencing provision, the legislature could have so stated. Its failure to do so leads us to conclude that the legislature did not intend to exempt so-called "nonviolent crimes" from the ambit of the extended-term sentencing provision.

Defendant's argument is, in essence, that his extended-term sentence amounts to an impermissible

double enhancement. Generally, an element that is inherent to the criminal offense for which the defendant has been tried and convicted cannot be used to also enlarge the term of imprisonment imposed for the defendant's commission of the crime. (*People v. Ferguson* (1989), 132 Ill. 2d 86, 97; *People v. Saldivar* (1986), 113 Ill. 2d 256, 267-72.) It is presumed that the legislature took into account the essential elements of a crime when it chose the classification into which the offense should be placed (for example, a misdemeanor). (730 ILCS 5/5—5—1 (West 1992) (classifications of offenses); 730 ILCS 5/5—1—9 (West 1992) (definition of felony); 730 ILCS 5/5—1—14 (West 1992) (definition of misdemeanor); 720 ILCS 5/2—7 (West 1992) (definition of felony); 720 ILCS 5/2—11 (West 1992) (definition of misdemeanor).) The legislature has also set out the sentences that may be imposed for each of these classifications. (730 ILCS 5/5—8—1 (West 1992) (sentence ranges for classifications of offenses); 730 ILCS 5/5—8—2 (West 1992) (sentence ranges for extended terms).) As a result, using the same element that defines the nature and classification of the criminal offense, in order to also impose a greater sentence than that normally applicable to the classification, "constitutes a double use of a single factor." (*Gonzalez*, 151 Ill. 2d at 84.) There was no improper double enhancement in the defendant's case, since one conviction, a 1984 retail theft conviction, was used to enhance his misdemeanor retail theft charge to a felony, and a second conviction, a 1985 felony retail theft conviction, was used to increase his period of imprisonment to an extended term.

We have reviewed the decisions from other jurisdictions which defendant has argued to this court. However, we conclude that our statutory enactments, by their express terms, provide for the use of extended-term sentencing in the present cause.

For all of these reasons, we determine that the trial court properly sentenced defendant to an extended term for his conviction of felony retail theft. Defendant does not contend that the trial court's decision to sentence defendant to six years' imprisonment amounted to an abuse of discretion, and on the present record we can find no manifest error in the trial court's ruling. As a result, the appellate court's affirmance of the trial court's judgment was proper and is hereby affirmed.

*Affirmed.*