*In re* B.C. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellant, v. B.C. *et al.*, Respondents-Appellees).

Fifth District No. 5—95—0246

Opinion filed February 8, 1996.

William Haine, State's Attorney, of Edwardsville (Norbert J. Goetten, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

On March 17, 1995, the minors B.C. and T.C. were charged with delinquency for committing the criminal offense of hate crime. Based upon the parties' stipulated facts, the juvenile court granted the minors' motion to dismiss the petitions. The court ruled that the petitions failed to state a cause of action because (1) the alleged victim was not a member of a protected class, and (2) an element of the crime charged is that the alleged victim either be a member or be perceived as a member of a protected class. The People appeal. We affirm.

The petition against each minor alleged that he committed the offense of hate crime in that:

> "said minor by reason of the actual race of African American persons knowingly committed the offense of disorderly conduct, in violation of 720 ILCS 5/26—1, in that said minor displayed patently offensive depictions of violence toward African Americans in such unreasonable manner as to alarm and disturb James Jeffries and provoke a breach of the peace in violation of 720 ILCS 5/12—7.1 (Class 4) and against the dignity of the People of the State of Illinois."

The parties stipulated that the alleged victim of this offense, James Jeffries, is not a member of the African-American race and that Jeffries was not perceived by the minor defendants as being of the African-American race. The parties also stipulated that at the time the offense was allegedly committed, unnamed individuals of the African-American race were present but these persons were not named as victims of the alleged hate crimes charged.

The State argues that the court erred in dismissing the petitions because membership in the group is not and was never intended to be an element of the offense. The State contends that the purpose of the hate crime statute is to protect all individuals who could be affected by the specified crimes when committed with hatred as a motive regardless of whether the victims are members of the group toward which the hatred is directed.

■ Section 12—7.1 of the Criminal Code of 1961 provides in pertinent part:

> "A person commits hate crime when, by reason of the *actual or*

*perceived* race, color, creed, religion, ancestry, gender, sexual orientation, physical or mental disability, or national origin of another individual or group of individuals, he commits assault, \*\*\* mob action or disorderly conduct as these crimes are defined in Sections 12—1, 12—2, 12—3, 16—1, 19—4, 21—1, 21—2, 21—3, 25—1, and 26—1 of this Code \*\*\*." (Emphasis added.) (720 ILCS 5/12—7.1 (West 1994).)

The purpose of statutory construction is to give effect to the language and intent of the legislature, and to accomplish that goal, the words used in the statutory provision should be given their plain and ordinary meaning. (*People v. Hicks* (1995), 164 Ill. 2d 218, 222, 647 N.E.2d 257, 259.) When the words are unambiguous, there is no need to resort to external aids of interpretation in order to glean the legislature's purpose. (*Hicks*, 164 Ill. 2d at 222, 647 N.E.2d at 259-60.) Where the words are capable of more than one reasonable interpretation, however, it is appropriate to consider other sources to ascertain the legislature's intent. *People v. Jameson* (1994), 162 Ill. 2d 282, 288, 642 N.E.2d 1207, 1210.

Section 12—7.1 provides: "A person commits hate crime when, by reason of the *actual or perceived* race, color, creed, religion, ancestry, gender, sexual orientation, physical or mental disability, or national origin of another individual or group of individuals, he commits \*\*\* disorderly conduct \*\*\*." (Emphasis added.) (720 ILCS 5/12—7.1 (West 1994).) If the victim did not have to be, or at least thought to be, a member of the targeted group, the word "perceived" would be superfluous. Because there is some question as to the meaning of the statute, we turn to the legislative history of section 12—7.1. The legislature used the word "perceived" to encompass situations in which the perpetrator directed his hate crime against a person he thought was a person of a particular race, color, creed, etc., but who was actually not a member of that class.

The House of Representatives' debate on the issue reveals the following information:

"House Bill 1356 amends the ... Hate Crimes Act by \*\*\* adding only three words, and those words are 'actual or perceived'. And this is to make sure that people who are the victims of a hate crime who aren't actually the person that the ... [*sic*] that the perpetrator thought they were (That is if someone were beaten up because he or she was perceived to be Jewish and that person wasn't, if he or she were perceived to be Japanese and was really Korean), that the perpetrator of that crime would still be guilty and couldn't use as an escape the fact that the victim wasn't who he thought he was." 85th Ill. Gen. Assem., House Proceedings, April 20, 1993, at 167-68 (statements of Representative Schakowsky).

 It is undisputed in this case that the alleged victim was neither African-American nor perceived to be African-American. Given the clear meaning of the statute, we cannot find that the juvenile court erred in dismissing the petitions in this case. The order of the juvenile court is affirmed.

Affirmed.

MAAG and KUEHN, JJ., concur.