NO. 4-99-0979

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

) Champaign County

CALVIN L. DORRIS, ) No. 97CF820

Defendant-Appellant. )

) Honorable

) Arnold F. Blockman,

) Judge Presiding.

_________________________________________________________________

JUSTICE KNECHT delivered the opinion of the court:

In November 1999, the trial court dismissed defendant's second postconviction petition, finding it frivolous and patently without merit.  725 ILCS 5/122-2.1(a)(2) (West 1998).  Defendant appeals, arguing that section 122-2.1 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2.1 (West 1998)) violates the single subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, §8(d)).  We affirm.

I. BACKGROUND

In October 1997, a Champaign County jury convicted defendant, Calvin L. Dorris, of first degree murder (720 ILCS 5/9-1(a)(1) (West 1996)), and in November 1997, the trial court sentenced defendant to 50 years in prison.  Defendant appealed to this court and, in June 1999, although remanding the cause for correction of errors related to defendant's sentence, we otherwise affirmed defendant's conviction.  
People v. Dorris
, No. 4-97-1102, slip order at 3-4 (June 8, 1999) (unpublished order under Supreme Court Rule 23).

In March 1999, during pendency of his direct appeal, defendant filed a 
pro
 
se
 petition for postconviction relief.  725 ILCS 5/122-1 (West 1998).  In May 1999, the trial court dismissed defendant's petition as frivolous and patently without merit.  725 ILCS 5/122-2.1(a)(2) (West 1998).  Defendant appealed and his counsel filed a motion to withdraw pursuant to 
Anders v. California
, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).  In July 2000, this court granted defense counsel's motion to withdraw and affirmed the trial court's judgment.  
People v. Dorris
, No. 4-99-0444, slip order at 4 (July 27, 2000) (unpublished order under Supreme Court Rule 23).

In October 1999, while the appeal of his first postconviction petition was pending, defendant filed a second petition for postconviction relief alleging violations of his fifth, sixth, and fourteenth amendment rights (U.S. Const., amends. V, VI, XIV) based on the trial court's denial of a motion to suppress, its refusal to give a second-degree murder jury instruction, references to the victim's race during trial, and ineffective assistance of appellate counsel for failing to raise the issues on direct appeal.  In November 1999, the trial court dismissed defendant's second petition as frivolous and patently without merit, noting the proceedings surrounding defendant's first postconviction petition were "not deficient in some fundamental way," and further, defendant "failed to demonstrate any basis to warrant the [c]ourt's consideration of his second postconviction petition."  This appeal followed.

II. ANALYSIS 

Defendant argues section 122-2.1 of the Act (725 ILCS 5/122-2.1 (West 1998)), which empowers trial courts, prior to appointing counsel, to dismiss those postconviction petitions that are "frivolous" or "patently without merit," is void 
ab
 
initio
 because the public act creating the first-stage dismissal, Public Act 83-942 (Pub. Act 83-942, eff. November 23, 1983 (1983 Ill. Laws 6200)), violates the single subject rule of the Illinois Constitution of 1970.  Specifically, defendant argues Public Act 83-942 violates the Illinois Constitution's single subject rule because the act, on its face, clearly embraces more than the single subject of the "criminal justice system."  
Arangold Corp. v. Zehnder
, 187 Ill. 2d 341, 351, 718 N.E.2d 191, 197 (1999).  This court reviews challenges to the constitutionality of a statute under the 
de
 
novo
 standard.  
Arangold
, 187 Ill. 2d at 351, 718 N.E.2d at 197
. 

A. Forfeiture

 Preliminarily, although failing to argue the unconstitutionality of Pubic Act 83-942 in his second postconviction petition, defendant asserts he may nonetheless challenge the statute's constitutionality at any time under 
People v. Wooters
, 188 Ill. 2d 500, 510, 722 N.E.2d 1102, 1108 (1999).  We disagree.  
Wooters
 dealt with a direct appeal, not a subsequent post­con­viction petition.  
Wooters
, 188 Ill. 2d at 504, 722 N.E.2d at 1105.  The law is well settled with respect to subsequent postconviction petitions:

"The [Act] contemplates the filing of only one post[]conviction petition, 
although
 
successive
 
petitions
 
may
 
be
 
allowed
 
where
 
the
 
proceedings
 
on
 
the
 
initial
 
petition
 
were
 
deficient
 
in
 
some
 
fundamental
 
way
.  [Citation.]  The Act provides *** any claim of a substantial denial of constitutional rights not raised in the original or [in] an amended petition is [forfeited].  725 ILCS 5/122-3 (West 1996); [citation]."  (Emphasis added.)  
People v. Erickson
, 183 Ill. 2d 213, 222-23, 700 N.E.2d 1027, 1032 (1998).

Despite these procedural bars, a defendant may properly argue in a subsequent postconviction petition ineffective assistance of appellate counsel, where appellate counsel also represented defendant during his initial postconviction petition.  
Erickson
, 183 Ill. 2d at 223, 700 N.E.2d at 1032.  However, such is not the case here.  Further, defendant does not argue his prior postconviction proceedings were otherwise fundamentally deficient, and our review of the record in this case reveals no deficiency.

Additionally, defendant's claim is barred by 
res
 
judicata
.  Because the trial court dismissed defendant's first postconviction petition without an evidentiary hearing, finding it was frivolous and patently without merit, defendant could have alleged Public Act 83-942 violated the single subject rule during his appeal.  He did not do so.  A ruling on a postconviction petition is 
res
 
judicata
 with respect to all claims actually raised or those that could have been raised in the initial postconviction proceedings.  
Erickson
, 183 Ill. 2d at 223, 700 N.E.2d at 1032.  While a court may, in certain instances, relax the doctrines of forfeiture and 
res
 
judicata
 to comport with principles of fundamental fairness (
People v. Steidl
, 177 Ill. 2d 239, 250, 685 N.E.2d 1335, 1340 (1997)), we are not persuaded such action is warranted in this case.

B. The Text of Public Act 83-942

Defendant argues the texts of the individual sections contained within Public Act 83-942 do not relate to the single subject of the "criminal justice system."  Our conclusion defendant has forfeited his right to raise a single subject rule challenge notwithstanding, our review of the act's provisions convinces us Public Act 83-942 does not violate the single subject rule.  Accord 
Roberts v. People
, No. 1-98-3642, slip op. at 21-29 (December 29, 2000), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___.

Public Act 83-942 contains five sections amending five different statutes.  Sections 1 and 2 amend the Criminal Code of 1961 (Criminal Code) (Ill. Rev. Stat. 1981 & 1982 Supp., ch. 38, pars. 1-1 through 43-2), the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1981 & 1982 Supp., ch. 38, pars. 100-1 through 126-1), and the Unified Code of Corrections (Unified Code) (Ill. Rev. Stat. 1981 & 1982 Supp., ch. 38, pars. 1001-1-2 through 1008-6-1), respectively (Pub. Act 83-942, §§1, 2, eff. November 23, 1983 (1983 Ill. Laws at 6200-08)).  T
he Code, Criminal Code, and the Unified Code are dedicated, in their entirety, to addressing issues involving the "criminal justice system"; therefore, it is axiomatic they pass muster under Illinois' single subject rule.  See
 
People v. Malchow
, 193 Ill. 2d 413, 427-28, 739 N.E.2d 433, 443 (2000) (holding that "criminal and correctional matters" is sufficiently narrow to qualify as a single subject under Illinois' constitution).  However, the amendments' texts lead us to the same conclusion.  

Section 1 expands the definition of "public official" in section 12-9 of the Criminal Code, which makes it a crime to threaten a public official.  Pub. Act 83-942, §1, eff. November 23, 1983 (1983 Ill. Laws at 6200) (amending Ill. Rev. Stat. 1981, ch. 38, par. 12-9(b)(1) (now 720 ILCS 5/12-9(b)(1) (West 1998))).  In addition, section 1 adds section 122-2.1 of the Act, creating the first-stage dismissal provision of the Act.  Pub. Act 83-942, §1, eff. November 23, 1983 (1983 Ill. Laws at 6201) (adding Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122-2.1 (now 725 ILCS 5/122-2.1 (West 1998))).

Section 2 sets out several amendments to the Unified Code which, taken together, (1) expand the powers and duties of the Department of Corrections (DOC) (Pub. Act 83-942, §2, eff. November 23, 1983 (1983 Ill. Laws at 6203) (amending Ill. Rev. Stat. 1981, ch. 38, par. 1003-2-2(c) (now 730 ILCS 5/3-2-2(c) (West 1998)))); (2) require DOC to prepare and transmit to the General Assembly quarterly reports detailing certain enumerated administrative aspects of all correctional facilities (Pub. Act 83-942, §2, eff. November 23, 1983 (1983 Ill. Laws at 6205) (adding Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1003-5-3.1 (now 730 ILCS 5/3-5-3.1 (West 1998)))); (3) require the Governor to give the General Assembly notice of any site selected for construction of a correctional facility before releasing such information to the public or private individuals (Pub. Act 83-942, §2, eff. November 23, 1983 (1983 Ill. Laws at 6205) (adding Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1003-7-2b (now 730 ILCS 5/3-7-2b (West 1998)))); (4) prohibit DOC from promulgating standards mandating minimum-floor-space requirements for individual inmates in county and municipal jails and houses of correction (Pub. Act 83-942, §2, eff. November 23, 1983 (1983 Ill. Laws at 6206) (amending Ill. Rev. Stat. 1981, ch. 38, par. 1003-15-2(a) (now 730 ILCS 5/3-15-2(a) (West 1998)))); and (5) amend the powers and responsibilities of members of the Criminal Sentencing Commission (Pub. Act 83-942, §2, eff. November 23, 1983 (1983 Ill. Laws at 6207-08) (amending Ill. Rev. Stat. 1981, ch. 38, par. 1005-10-1 (repealed by Pub. Act 83-1257, art. 12, §12-6, eff. September 30, 1984 (1984 Ill. Laws 1145, 1174)))).

While section 1 deals with substantive criminal law and section 2 with administrative aspects regarding corrections, neither section contains provisions inconsistent with, or foreign to, the general subject of the "criminal justice system."  
People v. Dunigan
, 165 Ill. 2d 235, 255, 650 N.E.2d 1026, 1035 (1995).

Section 3 of Public Act 83-942 amends section 11-74-2 of the Illinois Municipal Code by expanding the definition of "Industrial project" to include: 

"construction, remodeling[,] or conversion of a structure to be leased to the Illinois Department of Corrections 
for
 
the
 
purposes
 
of
 
its
 
serving
 
as
 
a
 
correctional
 
institution
 
or
 
facility
 
pursuant
 
to
 *** 
the
 [
Unified
 
Code
]."  (Emphasis added.)  Pub. Act 83-942, §3, eff. November 23, 1983 (1983 Ill. Laws at 6208) (amending Ill. Rev. Stat. 1981, ch. 24, par. 11-74-2(1)(c) (now 65 ILCS 5/11-74-2(1)(c) (West 1998))). 

Section 4 of Public Act 83-942 similarly amends section 2 of the Industrial Building Revenue Bond Act (Pub. Act 83-942, §4, eff. November 23, 1983 (1983 Ill. Laws at 6208-09) (amending Ill. Rev. Stat. 1981, ch. 85, par. 872(b)(3) (now 50 ILCS 445/2(b)(3) (West 1998)))).  Both sections 3 and 4, although seemingly defining the unrelated term "industrial project," address the topic only insofar as it pertains to correctional facilities and the Unified Code, thus positing the amendment squarely within the confines of the "criminal justice system." 

Section 5 of Public Act 83-942 amends section 67.02 of the Civil Administrative Code, expanding the powers and duties of the Department of Central Management Services to include entering "into an agreement with a municipality or county to construct, remodel[,] or convert a structure for the purposes of its serving as a 
correctional
 
institution
."  (Emphasis added.)  Pub. Act 83-942, §5, eff. November 23, 1983 (1983 Ill. Laws at 6209-10) (amending Ill. Rev. Stat., 1982 Supp., ch. 127, par. 63b13.2 (now 20 ILCS 405/67.02(d) (West 1998))). 

The number of provisions in an enactment is not determinative of its compliance with the single subject rule; likewise, an enactment does not violate the single subject rule simply because it amends a number of acts already in effect.  
Arangold
, 187 Ill. 2d at 352, 718 N.E.2d at 198.  In this case, all five sections of Public Act 83-942 individually address substantive criminal law, administrative procedures in correctional facilities, or the construction of correctional facilities.  Because the definition of "criminal justice system" incorporates, 
inter
 
alia
, substantive criminal law as well as all matters concerning corrections (see 
People v. Dixon
, 308 Ill. App. 3d 1008, 1014, 721 N.E.2d 1172, 1177 (1999)), the five sections of the act clearly relate to the "criminal justice system."  Accordingly, we conclude Public Act 83-942 does not violate the Illinois Constitution's single subject rule.

Defendant also argues the legislative history of Public Act 83-942 demonstrates the act contains discordant provisions in violation of the single subject rule.  However, because the plain language of the amendments in Public Act 83-942 unambiguously demonstrates the contrary, we need not resort to extrinsic statutory construction aids to resolve the issue.  
People v.
 
Hicks
, 164 Ill. 2d 218, 222, 647 N.E.2d 257, 259-60 (1995). 

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.  

Affirmed.

STEIGMANN, P.J., and MYERSCOUGH, J., concur.